HENDRY, Chief Judge.
This is an appeal from a summary denial of the defendant’s motion for relief brought pursuant to Criminal Procedure Rule Number One, F.S.A. Chapter 924, Appendix.
In March, 1963, the defendant was convicted on the charge of assault with intent to commit armed robbery and sentenced to a term of six months to five years. (Case No. 63-1881).
On April 8, 1964, the defendant escaped from the Division of Corrections and on October 26, 1964, he was arrested and charged with four counts of forgery and uttering a forged instrument and one count of breaking and entering a building with the intent to commit a felony.
On January 12, 1965, the defendant, who was represented by counsel, changed his plea to guilty and was thereafter adjudged guilty and sentenced on each count for a term of “seven (7) years, sentence to run concurrently with the sentence imposed in Case No. 63-1881 by this court and credit to be given for time spent in the Dade County Jail and State Penitentiary prior *203 to sentencing, to-wit: six hundred eighty-one (681) days.”
On January 28, 1965, the Division of Corrections notified the trial judge that their records show that the amount of credit given in the above cases was incorrect. It was their belief that the defendant should receive credit only from the time of his arrest on the current charges, October 26, 1964, to the date of sentencing, January 12, 1964, which amounted to seventy-eight days.
Thus, on February 3, 1965, the court vacated the sentences and resentenced the defendant on each count to an identical seven year term to run concurrently with the sentence imposed in case No. 63-1881 with a credit for time spent in the Dade County Jail prior to sentencing of seventy-eight (78) days.
The defendant alleges that he was not present at the time of resentencing and that this is a denial of due process of law.
It can not be ascertained from the record whether or not the defendant was present at the time of resentencing. It appears by implication that the defendant was present as the printed form upon which these sentences are transcribed contain a question which is to be propounded to the defendant and also a routine answer. However, it appears that the state has accepted as a fact that the defendant was not present and we will, therefore, consider the defendant’s allegation concerning his absence as true.
Sentencing is a critical step in the criminal proceeding, and in felonies it is necessary that the defendant be present and if insolvent he is entitled to a court-appointed counsel.[1]
The state contends that the court’s action in vacating the original sentences and resentencing the defendant was in the nature of an order nunc pro tunc which may be made in the absence of the defendant. However, we do not have here a mere clerical error or mistake. The new sentences add’ six hundred and three days of imprisonment over that originally imposed.
For the reasons stated above, the order denying relief from the Rule One is reversed with directions that the court grant the motion, set aside the sentence, and bring the defendant before the court for resen-tencing.
Reversed.

. Summeralls v. State, 37 Fla. 162, 20 So. 242 (1896); Brown v. State, 29 Fla. 543, 10 So. 736 (1892); Reader v. State, Fla.App.1964, 168 So.2d 557; Evans v. State, Fla.App.1964, 163 So.2d 520.