THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
HENRY CASTRO, Defendant-Appellant.

First District (2nd Division)   No. 81—2235

Opinion filed May 17, 1983.

Steven Clark and Alan D. Goldberg, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Paula Carstensen, and Maria Elena Gonzalez, Assistant State's Attorneys, of counsel), for the People.

JUSTICE PERLIN delivered the opinion of the court:

Defendant, Henry Castro, was charged in an information with attempted murder, aggravated battery and armed violence. On March 10, 1980, following a jury trial held in defendant's absence, defendant was found guilty of all charges. On April 9, 1980, defendant was sentenced *in absentia* to serve three concurrent 15-year terms of imprisonment in the Illinois Department of Corrections.

On appeal, defendant contends that he was not admonished that

he could be tried *in absentia* if he failed to appear for trial; that the statutory procedures for trying him *in absentia* were not followed; that he was denied his right to counsel of his own choice; that it was error to sentence him *in absentia*; that the aggravated battery and armed violence convictions should be vacated; and that the sentence of 15 years for attempted murder is excessive. For the reasons which follow, we vacate defendant's convictions for aggravated battery and armed violence and affirm his conviction for attempted murder and the sentence imposed thereon.

At trial, the State's evidence showed that on the night of June 12, 1979, Eugene Tasior, a member of a street gang called the "Paulina and Barry Community," was arrested for committing a battery against defendant and for theft. The next morning, Tasior appeared in court on these charges and was accompanied by his cousin, Thomas Dosch, who belonged to the same street gang. Defendant was also present in court. The record does not reflect what transpired at this hearing.

At approximately 12:40 p.m. on June 13, 1979, Tasior, Dosch and Jose Perez observed defendant riding a bicycle north on Paulina Street near Barry in Chicago. Defendant reached behind his back, pulled out a revolver, yelled "You are a dead man. Unknown Love," and fired two shots at Dosch. Tasior testified that the "Insane Unknowns" was another street gang in the area. Dosch jumped to his left and fell against a wall. Although neither bullet hit Dosch, one of them passed through the open front door of Sartino's Restaurant, which is located at the northwest corner of Paulina and Barry, and hit Donald Bergman, a patron who was eating lunch. Bergman felt a sharp pain in his right hip, collapsed to the floor and felt blood inside his trousers. Tasior, Dosch and Perez saw defendant flee west on Barry on his bicycle. Defendant was arrested later that afternoon on the roof of a building which was approximately six blocks from the scene of the shooting. Bergman was hospitalized for one day.

I

■ Defendant first contends that he was not admonished that he could be tried *in absentia* if he failed to appear for trial. The facts pertinent to this issue are as follows:

Jury selection in this case began on March 6, 1980. The trial judge swore in a panel of 50 prospective jurors, introduced defendant and the attorneys to the venire and read the charges. The judge asked a few general questions of the venire, selected 12 prospective jurors for examination by the attorneys and instructed them not to

discuss the case. The cause was then continued to the next day, March 7, 1980, at which time defendant failed to appear. The judge waited for defendant for approximately 45 minutes, but the defendant did not appear. The judge stated that he would proceed with the trial after waiting two days, as required by section 115—4.1(a) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1979, ch. 38, par. 115— 4.1(a)). A few minutes later, however, the judge decided to continue with the trial immediately and denied defense counsel's motion to withdraw. A jury was selected and trial proceeded in defendant's absence. On March 10, 1980, the jury found defendant guilty of all charges and on April 7, 1980, the court denied defense counsel's motion for a new trial. A sentencing hearing was held on April 9, 1980. Defendant did not appear at this hearing and no evidence in mitigation was presented. Defendant was sentenced to serve three concurrent 15-year terms of imprisonment in the Department of Corrections.

On June 8, 1981, more than 15 months after his trial, defendant was arrested and brought to court. The trial judge appointed the public defender to represent defendant. On June 18, 1981, the public defender filed a motion requesting a new trial or, in the alternative, a new sentencing hearing. A hearing on this motion was held on July 9, 1981.

On direct examination, defendant testified that he did not appear for his trial in March 1980 because he had to take care of his mother who had undergone an operation for cancer. His mother corroborated this testimony. On cross-examination, defendant admitted that he knew that his bond required him to be present on every court date. He also conceded that he made no attempt to notify the court or his attorney and explain his absence nor did he ask anyone else to do so in his behalf. On September 2, 1981, the trial judge denied defendant's motion, stating that defendant had not shown good cause to absent himself from his trial.

Defendant maintains that under the sixth and fourteenth amendments to the Federal Constitution, the court could not try him *in absentia* without first admonishing him that if he failed to appear, a trial could be conducted in his absence. In *Taylor v. United States* (1973), 414 U.S. 17, 20, 38 L. Ed. 2d 174, 177, 94 S. Ct. 194, 196, however, the Supreme Court held that the constitution does not require such an admonishment once trial has commenced. For the reasons set forth in part II of this opinion, we hold that trial in this case already had begun when defendant absented himself from the proceedings. We therefore conclude that under *Taylor* defendant's constitutional rights were not violated.

Defendant argues further that an admonishment also was required by section 113—4(d) of the Code of Criminal Procedure of 1963, which provides:

"If a defendant pleads not guilty, the court shall advise him at that time or at any later court date on which he is present that if he escapes from custody or is released on bond and fails to appear in court when required by the court that his failure to appear would constitute a waiver of his right to confront the witnesses against him and trial could proceed in his absence." (Ill. Rev. Stat. 1979, ch. 38, par. 113—4(d) (Pub. Act. 81—1066, eff. September 26, 1979).)

Defendant was arraigned on July 3, 1979. Although the act became effective after defendant was arraigned, defendant contends that he should have been given the admonishment required by section 113—4(d) at one of the pretrial proceedings that took place after September 26, 1979. We cannot agree.

■ Illinois courts presume that the legislature intends its enactments to operate prospectively, not retroactively. (*McAleer Buick-Pontiac Co. v. General Motors Corp.* (1981), 95 Ill. App. 3d 111, 112, 419 N.E.2d 608.) Retroactive legislation is not favored, and as a general rule statutes are construed to operate prospectively unless the legislative intent that they be given retroactive operation clearly appears from the express language of the acts, or by necessary or unavoidable implication. *United States Steel Credit Union v. Knight* (1965), 32 Ill. 2d 138, 142, 204 N.E.2d 4.

■ Defendant does not quarrel with these principles but submits that there is no issue of retroactivity in this case since the admonishment required by section 113—4(d) may be given at the arraignment or "at any later court date on which [defendant] is present ***." We believe defendant has misinterpreted this act.

■ In our judgment, the admonishment required by section 113—4(d) should be given at the arraignment. If the court fails to admonish a defendant at the arraignment, however, it must then admonish him at a subsequent court date. Thus, where, as in the instant case, the defendant's arraignment took place at a time when no admonishment was required, there is no obligation to admonish defendant "at any later court date ***." Since there is no language in section 113—4(d) which expressly or impliedly indicates that the amendment is to be given retroactive effect, we hold that section 113—4(d) applies only to those cases where the arraignment takes place after the effective date of the act, September 26, 1979. Accordingly, we conclude that the trial court did not err in not admonishing defendant that he could be

tried *in absentia* if he failed to appear for trial.

## II

Defendant next contends that the statutory procedures for trying him *in absentia* were not followed. When a defendant fails to appear for trial, the court, at the request of the State and after the State has affirmatively proven through substantial evidence that the defendant is wilfully avoiding trial, may commence trial in the defendant's absence. (Ill. Rev. Stat. 1979, ch. 38, par. 115—4.1(a).) Since in the instant case the State presented no evidence that defendant was wilfully avoiding trial, defendant concludes that the trial court erred in holding a trial in his absence. The predicate of defendant's argument is that defendant absented himself before trial commenced.

In *People v. Pace* (1975), 34 Ill. App. 3d 440, 339 N.E.2d 785, a panel of 50 veniremen was brought into the courtroom and sworn to answer questions as to their qualifications to act as jurors. The venire was given an initial orientation, the indictment was read, and the defendants were introduced to the prospective jurors. A list of prospective witnesses was read to the veniremen and after the judge gave further orientation and admonitions, he adjourned the case until the following morning. The next morning, when court reconvened, one of the defendants failed to appear. His codefendant advised the court that based on his conversation with defendant the previous night, he believed that defendant had left and would not return. The trial court denied defense counsel's motion to withdraw, a later motion for severance and a continuance and ruled that the trial already had begun and would proceed without defendant who was then tried *in absentia.*

■ The appellate court held that for purposes of holding a trial *in absentia,* a trial commences when the work of empaneling a jury begins. Thus, under the facts in *Pace,* trial had begun before defendant absented himself. (34 Ill. App. 3d 440, 444-45.) Similarly, in the case at bar, 50 veniremen had been sworn as prospective jurors, the defendant and the attorneys were introduced to the venire, the information was read and the judge warned the veniremen not to discuss the case with anyone. Based on *Pace,* we conclude that defendant's trial had begun before defendant absented himself and therefore that it was not necessary for the State to prove by substantial evidence that he was wilfully avoiding trial.

■ The Code of Criminal Procedure of 1963 also provides that if trial had previously commenced in the presence of the defendant and the defendant wilfully absents himself for two successive court days,

the court shall proceed to trial. (Ill. Rev. Stat. 1979, ch. 38, par. 115—4.1(a).) Defendant does not dispute the trial court's finding that he did not show good cause for his absence. He does argue, however, that the court erred in not waiting the required two-day period.

Although the trial court should have waited two successive court days before proceeding with defendant's trial, a reviewing court does not reverse a conviction merely because error was committed unless it appears that justice has been denied or that a verdict of guilty may have resulted from the error. (*People v. Watts* (1974), 19 Ill. App. 3d 733, 740, 312 N.E.2d 672.) In the instant case, we conclude that since the defendant failed to appear in court within the two-day statutory period, the trial court's action in immediately continuing with his trial was harmless error. Defense counsel now suggests that defendant may have felt that there was no point in returning to court the next day because almost all of the State's evidence had been presented in his absence and defendant thereby lost his right to confront most of the State's witnesses. In our opinion, this is mere conjecture which cannot support a claim of prejudice. (*People v. Singletary* (1979), 73 Ill. App. 3d 239, 247, 391 N.E.2d 440.) No other claim of prejudice is made. Under the circumstances of this case, we find that the trial court's failure to wait two successive court days before proceeding to try the defendant in his absence was harmless error.

### III

■ Defendant also contends that he was denied his right to counsel of his own choice. According to defendant, attorney Jack Zdon, an associate of Edwin Belz, the attorney who defended him at trial, represented defendant on the first motion for a new trial and at his sentencing hearing. Defendant claims that only Belz was authorized to represent him. The record, however, reflects that Belz, not Zdon, signed defendant's motion for a new trial, which was filed on April 7, 1980, and waived oral argument thereon. Although Zdon did represent defendant at the sentencing hearing on April 9, 1980, there is nothing in this record which suggests that Belz was the only attorney who had authority to represent defendant at this stage of the proceedings. Moreover, we are constrained to point out that prior to trial Belz advised the court that Zdon was his co-counsel in this matter. In our opinion, defendant's argument that he was denied his right to counsel of his own choice is not supported by the record.

### IV

■ Defendant next contends that since sentencing is a critical

stage of a criminal proceeding (*People v. Miles* (1974), 20 Ill. App. 3d 131, 132, 312 N.E.2d 648), he should have been specifically admonished by the court that if he did not appear for trial he could be sentenced *in absentia*. A similar contention was rejected in *People v. Collins* (1982), 109 Ill. App. 3d 1076, 1080, 441 N.E.2d 935. A defendant who voluntarily absents himself from trial waives his constitutional right to be present at all stages of the trial, including the sentencing hearing. (*People v. Clark* (1981), 96 Ill. App. 3d 491, 496, 421 N.E.2d 590.) Defendant does not question the trial court's finding that he did not show good cause for absenting himself from his trial. He therefore waived his right to be present at his sentencing hearing.

■■ Defendant also contends that he should have been advised of the date on which he was to be sentenced. In *People v. Collins* (1982), 109 Ill. App. 3d 1076, 1080, 441 N.E.2d 935, however, the court held that a defendant had constructive notice of the date of the sentencing hearing because his attorney had received notice of the hearing. In the instant case, defendant's counsel was informed of the date of the sentencing hearing (April 9, 1980) and appeared at that time in defendant's behalf. Moreover, we note that there was an effort to notify defendant of his sentencing hearing. The presentence investigation report states that a probation officer visited defendant's last known address in an attempt to interview him and that a letter was also sent to that address. We find no error in the trial court's sentencing of defendant *in absentia*.

## V

■■ Defendant contends further, and the State concedes, that under *People v. King* (1977), 66 Ill. 2d 551, 566, 363 N.E.2d 838, his convictions for armed violence and aggravated battery must be vacated since they arose out of the same physical act as the attempted murder. We agree. We need not remand the cause for resentencing on the offense of attempted murder, however, since the record does not establish that in sentencing defendant for that offense the trial judge was improperly influenced by defendant's convictions for armed violence and aggravated battery. *People v. Miles* (1981), 96 Ill. App. 3d 721, 727, 422 N.E.2d 5.

## VI

■■ Finally, defendant contends that his 15-year sentence for attempted murder is excessive and should be reduced. Defendant argues that the sentence was excessive because he had only one prior conviction (misdemeanor unlawful use of weapons); he was 20 years old at

the time of sentencing; and the victim required only one day of hospitalization.

Initially, it must be noted that the sentence was well within the range of possible sentences for attempted murder. (Ill. Rev. Stat. 1979, ch. 38, pars. 8—4(c)(1), 1005—8—1(a)(3).) The imposition of a sentence is a matter of judicial discretion and, absent an abuse of discretion, the sentence of the trial court may not be altered upon review. (*People v. Perruquet* (1977), 68 Ill. 2d 149, 153, 368 N.E.2d 882.) We find no such abuse of discretion in this case. The record reflects that the trial judge considered all of the mitigating factors on which defendant now relies but found that a lengthy sentence was required. In imposing sentence, the court stated:

> "*The Court considered all that there was to consider*, at that time, but the Court will say even without any convictions, the circumstances of this offense were aggravating.
>
> This Court considers Mr. Castro to be a dangerous person and considers that the streets are unsafe with him out there. He values life like a person who chops the necks off of chickens values those kinds of animals in the opinion of this Court.
>
> That is the way that the Court perceives him, *and the Court had to restrain itself in not sentencing him to even more.*
>
> You think it is a small crime for somebody to ride down the street on a bike and then see someone he thinks should be dead and try to wipe out?
>
> Do you think that that is a mild sort of crime?" (Emphasis added.)

A defendant's age is of little consequence when a trial court determines that a lengthy term is warranted (*People v. Richmond* (1979), 70 Ill. App. 3d 803, 810, 388 N.E.2d 1024), or where a crime is particularly brutal or senseless (*People v. Grant* (1979), 70 Ill. App. 3d 268, 274, 387 N.E.2d 1026). Notwithstanding the facts that defendant had only one prior misdemeanor conviction, and that the victim did not require extended hospital care, the defendant's conduct displayed a callous disregard for human life. We find no abuse of discretion in the court's sentence of 15 years for attempted murder.

For the foregoing reasons, we affirm the conviction and sentence for attempted murder and vacate the convictions for aggravated battery and armed violence.

Affirmed in part, vacated in part.

DOWNING, P.J., and STAMOS, J., concur.