■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GAYLORD DAVIS, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Vinik, J.), rendered June 16, 1983, convicting him of attempted criminal possession of a weapon in the third degree, upon a plea of guilty, and sentencing him, *in absentia,* as a persistent violent felony offender to an indeterminate term of 6-years to life imprisonment.

Judgment affirmed.

The claims raised by defendant as to the sufficiency of the plea allocution are unpreserved for review as a matter of law (CPL 470.05, subd 2; *People v Pellegrino,* 60 NY2d 636). In any event,

the plea allocution was satisfactory (*People v Harris,* 61 NY2d 9). In addition, we are satisfied on this record that defendant, who absconded between the plea and sentencing and was sentenced *in absentia,* knowingly waived his right to be present at sentencing (see *Taylor v United States,* 414 US 17; cf. *People v Parker,* 57 NY2d 136; *People v Rivera,* 103 AD2d 225). He was explicitly informed by the court prior to he plea that if he fled, the case would proceed in his absence. Further, it may also be implied upon from the record that defendant was aware that if he absconded prior to sentencing the court would not be bound by the promise made as to sentence as part of the plea agreement. Finally, the sentence imposed upon defendant, a persistent violent felony offender, was not inappropriate. Weinstein, J. P., Boyers and Eiber, JJ., concur.

Brown, J., dissents in part and concurs in part and votes to modify the judgment by vacating the sentence and remitting the matter to Criminal Term for resentencing, and to affirm the judgment, as so modified, with the following memorandum: While I am satisfied that the conviction itself should be affirmed, I am of the opinion that Criminal Term abused its discretion in sentencing the defendant *in absentia.*

The Criminal Procedure Law requires that a defendant "must be personally present at the time sentence is pronounced" (CPL 380.40, subd 1). I recognize, however, that this absolute right to be present at sentencing may be waived (see *People v Stroman,* 36 NY2d 939; *Matter of Root v Kapelman,* 67 AD2d 131), and I agree that this defendant, who absconded between the plea and sentencing after having been advised that if he failed to appear for sentencing, the court would proceed in his absence, knowingly waived his right to be present at the sentencing (see *Taylor v United States,* 414 US 17; cf. *People v Parker,* 57 NY2d 136; *People v Rivera,* 103 AD2d 225). But our analysis should not stop at that point. The mere fact that a defendant has knowingly waived his right to be present does not automatically authorize the court to proceed in his absence. Rather, the court should then determine whether it is appropriate for it to proceed *in absentia* based upon consideration of a number of factors, including the possibility that the defendant can be located within a reasonable period of time (*People v Parker, supra*). As was noted in *Parker* (*supra,* p 142): "In most cases the simple expedient of adjournment pending execution of a bench warrant could provide an alternative to [proceeding] *in absentia* unless, of course, the prosecution can demonstrate that such a course of action would be totally futile".

While *Parker* dealt with the right to be present at trial — as opposed to , as here, the right to be present at sentencing — I

would argue that the same considerations apply and that the court may not immediately proceed with sentencing without having first considered all relevant factors. In the instant case, the court adjourned the sentencing for only one day when defendant failed to appear. Further, other than a reference to an attempt by defense counsel to contact defendant during that one-day adjournment and inquiries made by an Assistant District Attorney in an effort to ascertain defendant's whereabouts, there is little in the record concerning the possibility of locating defendant within a reasonable period of time. No bench warrant was issued until after sentence had been imposed and, unlike the delay of a trial where there is a possibility that evidence might be lost or witnesses will disappear, a reasonable adjournment of sentence would not have had any detrimental effect upon the judicial process. In short, I do not see why there was a need to act with such great haste in sentencing this defendant.

Under the circumstances, and especially in view of the fact that the court imposed a greater sentence than that which it had indicated it would impose prior to the defendant having absconded, it seems to me that the proper procedure would have been for Criminal Term to have adjourned sentencing until such time as a bench warrant could be executed to secure defendant's appearance, or at least until such time as it could reasonably be determined that any further delay would be futile. Accordingly, I vote to remit the matter for resentencing. In so doing, I do not pass upon the propriety of the sentence imposed.