497 So.2d 986 (1986)
Andrew James ROSEMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1787.
District Court of Appeal of Florida, Fifth District.
November 20, 1986.
*987 James B. Gibson, Public Defender, and Michael S. Becker, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Joseph N. D'Achille, Jr., Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Judge.
Finding no error in the entry of the judgments herein, they are affirmed, but the cause is remanded for resentencing for the reasons set forth below.[1]
The trial court did not file a written order in this case explaining his reasons for departure. This is error requiring resentencing on all counts. State v. Jackson, 478 So.2d 1054 (Fla. 1985); Bouthner v. State, 489 So.2d 784 (Fla. 5th DCA 1986). Additionally, the sentences for counts two and three are vacated, since it appears that the departure was based on the trial court's finding that Roseman was an habitual offender because of his past record.[2] The Florida Supreme Court has now held that the legislature's adoption of the guidelines effectively superseded section 775.084, the habitual offender statute. Whitehead v. State, 498 So.2d 863 (Fla. 1986). Therefore, section 775.084 cannot be considered as providing an exemption for a guidelines sentence or as an adequate reason for a departure sentence.
The trial court also erred by retaining jurisdiction over one-third of each of the two consecutive life sentences (counts one and two), for two reasons: (1) the trial court cannot retain jurisdiction over a retention period which is impossible to calculate, see State v. Mobley, 481 So.2d 481 (Fla. 1986); Kosek v. State, 448 So.2d 57 (Fla. 5th DCA 1984); and (2) retention is improper under the guidelines, since parole is no longer available. Keys v. State, 473 So.2d 800 (Fla. 5th DCA 1985). Therefore, *988 the retention of jurisdiction must be stricken upon remand.
AFFIRMED; SENTENCES VACATED and REMANDED.
SHARP and COWART, JJ., concur.
NOTES
[1] Roseman escaped from custody between the time the trial concluded and sentencing. His contention that the sentencing was therefore improper, since he was not present, is without merit, as he voluntarily waived any right to be present by the escape. In any event, the resentencing ordered by this opinion renders this point moot.
[2] The trial court did not make any findings concerning guideline departures, but did make oral findings listing bases for retaining jurisdiction, including the defendant's inability to comply with the law and his lack of remorse. These reasons are insufficient for departure. See Weir v. State, 490 So.2d 234 (Fla. 5th DCA 1986).