519 So.2d 751 (1988)
Raul WAGNER, Appellant,
v.
STATE of Florida, Appellee.
No. 4-86-2993.
District Court of Appeal of Florida, Fourth District.
February 10, 1988.
Michael J. Wrubel of Michael J. Wrubel, P.A., Fort Lauderdale, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Diane E. Leeds, Asst. Atty. Gen., West Palm Beach, for appellee.
STONE, Judge.
The defendant absconded during trial where he was charged with trafficking in cocaine. He was convicted of the charges and sentenced, in absentia, to 30 years in prison. After his apprehension, he filed a motion to vacate the sentence which was denied.
The state contends that public policy and a reasonable reading of rule 3.180, Florida Rules of Criminal Procedure, support a conclusion that a defendant who voluntarily absents himself from the sentencing waives his right to be present. The state argues that defendants should be sentenced while the evidence is fresh in the mind of the judge, and that a fugitive should not be allowed to thumb his nose at the court. However, the state cites no authority in support of sentencing in absentia.
Rule 3.180(a)(9) of the Florida Rules of Criminal Procedure, provides:
(a) presence of defendant. In all prosecutions for crime the defendant shall be present:
....

*752 (9) At the pronouncement of judgment and the imposition of sentence.
Our courts have consistently required defendant's presence at resentencings, recognizing that sentencing is a critical stage of a criminal proceeding. See, e.g., State v. Scott, 439 So.2d 219 (Fla. 1983); Thacker v. State, 185 So.2d 202 (Fla. 3d DCA 1966). See also Keller v. State, 432 So.2d 672 (Fla. 5th DCA 1983).
Rule 3.180(b) of the Florida Rules of Criminal Procedure provides for the completion of a trial and rendering of a verdict where the defendant has absconded during a trial. However, that rule clearly stops short of authorizing sentencing to proceed in the defendant's absence. Recently, in Quarterman v. State, 506 So.2d 50 (Fla. 2d DCA 1987), it was held that the defendant's presence is essential at the imposition of a felony sentence. We concur. A trial court has no authority to impose sentence for a felony in absentia. The motion to vacate sentence should have been granted.
Therefore, the order is reversed and the case remanded to the trial court for resentencing.
HERSEY, C.J., and DELL, J., concur.