578 So.2d 328 (1991)
Joseph Frederick CAPUZZO, Appellant,
v.
STATE of Florida, Appellee.
No. 90-1693.
District Court of Appeal of Florida, Fifth District.
March 28, 1991.
Rehearing Denied May 2, 1991.
Mitchell T. McRae, P.A. and David B. Pakula, P.A., Boca Raton, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Belle B. Turner, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Judge.
Joseph Frederick Capuzzo appeals the denial of his rule 3.850 motion to vacate his sentence imposed in absentia.
Capuzzo, accompanied by his defense attorney, piloted an aircraft to Orlando to attend a sentencing hearing based upon an earlier plea of nolo contendere. He proceeded from the airport to the Orange County Courthouse where his attorney learned that the state intended to oppose his request for a continuation of the sentencing hearing. Upon learning of the opposition, Capuzzo left the courthouse, returned to the airport, and departed in the aircraft. The trial judge sentenced Capuzzo in absentia to a 15-year mandatory minimum prison term for trafficking in cocaine.
The sole issue raised on appeal is whether a felon may be sentenced in absentia after voluntarily absenting himself from the sentencing hearing. Capuzzo points out that both the Second and the Fourth Districts have held that a defendant's presence at the sentencing hearing is fundamental and cannot be waived under Wagner v. State, 519 So.2d 751 (Fla. 4th DCA 1988), and Quarterman v. State, 506 So.2d 50 (Fla. 2d DCA 1987), approved on other grounds, 527 So.2d 1380 (Fla. 1988).
We do not agree with our sister courts in Wagner or Quarterman. Our opinion in Roseman v. State, 497 So.2d 986 (Fla. 5th DCA 1986) was correct and in *329 conformity with the majority rule in this country in respect to waiver of the right to be present at sentencing by reason of the defendant's voluntary flight. It is logical to hold that a defendant who voluntarily absents himself from sentence has waived his right to be present therefor. As argued by the state in Wagner, a defendant should be sentenced while the evidence is fresh in the mind of the judge, and a fugitive should not be allowed to thumb his nose at the court. The Wagner opinion relied on Quarterman, which in turn relied on Thacker v. State, 185 So.2d 202 (Fla. 3d DCA 1966) for the proposition that a defendant's voluntary and unexcused absence from a sentencing hearing cannot constitute a waiver of his right to be present for sentencing. Thacker, however, did not concern voluntary absence by a defendant. The issue there was simply the necessity of having a defendant in custody present at a resentencing which consisted of more than a nunc pro tunc order to correct a mere clerical error or mistake.
Rule 3.180(a) enumerates the various points in prosecutions for crime when the defendant shall be present, and includes in this enumeration, under subsection (9), the pronouncement of judgment and the imposition of sentence. Subsection (b) of the Rule provides:
(b) Defendant Absenting Himself. If the defendant is present at the beginning of the trial and shall thereafter, during the progress of said trial or before the verdict of the jury shall have been returned into court, voluntarily absent himself from the presence of the court without leave of court, or is removed from the presence of the court, because of his disruptive conduct during the trial, the trial of the cause or the return of the verdict of the jury in the case shall not thereby be postponed or delayed, but the trial, the submission of said case to the jury for verdict, and the return of the verdict thereon shall proceed in all respects as though the defendant were present in court at all times.
It is clear from the language of subsection (b) that it deals only with a defendant who voluntarily absents himself without leave of court prior to verdict. It does not address the circumstance of the instant case where a defendant absents himself after verdict and prior to sentencing.
In holding that the defendant waived his presence at sentencing by voluntarily absenting himself, the trial court relied on Roseman. In that case, Roseman raised several sentencing issues, the first being that the trial court erred in sentencing him in absentia. This court summarily rejected that point by noting that Roseman escaped from custody after the trial concluded. This court found that Roseman voluntarily waived any right to be present at sentencing by his escape. 497 So.2d at 987 n. 1. However, because the other sentencing issues alleging guideline errors had merit, the sentences were vacated and the cause remanded for resentencing.
Subsequent to Roseman, the Second District in Quarterman held that the presence at sentencing of a defendant prosecuted for a felony is essential, and a defendant may not waive his presence by voluntarily absenting himself. In that case, Quarterman agreed to plead guilty to armed robbery if sentencing would be continued to give him an opportunity to visit his sister in the hospital. Quarterman did not appear at sentencing on the scheduled date, and the sentence was imposed in his absence. The Second District remanded the case for reimposition of the sentence in Quarterman's presence. The Second District did not acknowledge conflict with Roseman, or even cite that case as contrary authority.
In Wagner, the Fourth District followed Quarterman, and held that a trial court has no authority to impose a felony sentence in absentia, even if the defendant absconded during trial. Like Quarterman, Wagner did not note conflict with Roseman or even refer to that case. Evidently, Roseman was not brought to the Fourth District's attention because the opinion indicated that the state cited no authority in support of sentencing in absentia.
In Gelsey v. State, 565 So.2d 876 (Fla. 5th DCA 1990), this court held that in a non-capital case where the defendant voluntarily *330 absents himself during trial, the trial need not be disrupted or delayed. In that case, Gelsey disappeared on the third day of trial when closing arguments were scheduled. Gelsey finally reappeared during the court's instructions to the jury. In dicta, this court cited to Quarterman and Wagner, and stated that a felony sentence may not be imposed in the absence of a defendant. Like Quarterman and Wagner, Gelsey did not refer to Roseman.
Florida Rule of Criminal Procedure 3.180 restates the long established principle of constitutional law that sentencing is a critical stage in a criminal prosecution for which a defendant has a right to be present. See Fla.R.Crim.P. 3.180(a)(9). Rule 3.180(b) states that if a defendant is present at the beginning of his trial and thereafter voluntarily absents himself without leave of court the trial shall not be postponed or delayed. Rule 3.180 is silent as to whether sentencing may proceed in absentia. Quarterman and Wagner interpret this rule to mean that a defendant's voluntary absence does not constitute a waiver of the fundamental constitutional right to be present when a felony sentence is imposed.[1]
Although Rule 3.180 does not specifically state that a defendant prosecuted for a felony may voluntarily waive his presence at sentencing, such authority is found in case law which holds that a defendant may knowingly and voluntarily relinquish a fundamental constitutional right. In Walker v. State, 284 So.2d 415 (Fla. 2d DCA 1972), the Second District reversed a sentence which was imposed upon a defendant in absentia where the record showed that no waiver of this right was made. Walker at least implies that the right to be present at sentencing may be waived. The Second District in Quarterman did not refer to their earlier Walker case or restrict it to only those cases where a knowing and intelligent waiver is made on the record.
Other than the pronouncements in Wagner and Quarterman and the dictum in Gelsey, we are unaware of any authority for the proposition that presence of a defendant at sentencing is of such a fundamental constitutional nature that it cannot be waived by the conduct of the defendant. There are cases outside of Florida which hold that a defendant by failing to appear may waive his right to be present at sentencing. Golden v. Newsome, 755 F.2d 1478 (11th Cir.1985), stated that it was clear from case law that a defendant who escapes from custody during trial waives his Sixth Amendment rights to be personally present and to confront witnesses for the remainder of the trial and at sentencing. 755 F.2d at 1481. The Eleventh Circuit, however, held that an escapee who had not expressly waived his right to counsel could not be sentenced without counsel. In the instant case, defendant only claimed that he was absent during sentencing, and did not claim that his counsel was also absent.
In People v. Castro, 114 Ill. App.3d 984, 70 Ill.Dec. 539, 449 N.E.2d 886 (1983), Castro was present at jury selection, but failed to appear thereafter and was tried and sentenced in absentia. The appellate court held that a defendant who voluntarily absents himself from trial waives his constitutional right to be present at trial and at sentencing. 70 Ill.Dec. at 544, 449 N.E.2d at 891.
In People v. Davis, 106 A.D.2d 657, 483 N.Y.S.2d 119 (1984), the appellate court held that Davis, who absconded between the plea and sentencing and was sentenced in absentia, knowingly waived his right to be present at sentencing. These cases demonstrate that although sentencing is a critical stage of the prosecution, it is no more critical than the trial stage. Rule 3.180 explicitly provides that a defendant may waive his presence at trial by voluntarily absenting himself. It follows, then, that a defendant may also waive his presence at sentencing by voluntarily absenting himself. In the instant case, defendant does not challenge the trial court's finding *331 that he voluntarily absented himself from the sentencing hearing. Therefore, it is submitted that defendant waived his right to be present at sentencing. Roseman, supra.[2]
AFFIRMED.
HARRIS and PETERSON, JJ., concur.
NOTES
[1] Rule 3.180(c) provides that persons charged with misdemeanors may waive their presence at all critical stages of the prosecution.
[2] The statement in Gelsey v. State, supra, that a felony sentence may not be imposed in absentia is dicta, whereas in Roseman, defendant's absence at sentencing was specifically raised as error and addressed by this court.