596 So.2d 438 (1992)
Joseph Frederick CAPUZZO, Petitioner,
v.
STATE of Florida, Respondent.
No. 78379.
Supreme Court of Florida.
March 12, 1992.
*439 Mitchell T. McRae of Mitchell T. McRae, P.A., Boca Raton, for petitioner.
Robert A. Butterworth, Atty. Gen. and Belle B. Turner, Asst. Atty. Gen., Daytona Beach, for respondent.
McDONALD, Justice.
We review Capuzzo v. State, 578 So.2d 328 (Fla. 5th DCA 1991), which is in direct and express conflict with Wagner v. State, 519 So.2d 751 (Fla. 4th DCA 1988), and Quarterman v. State, 506 So.2d 50 (Fla. 2d DCA 1987), approved on other grounds, 527 So.2d 1380 (Fla. 1988).[1] The issue is whether persons convicted of crimes can be sentenced without being present when they, with actual knowledge of the scheduled sentencing, voluntarily absent themselves. We agree with Capuzzo that they can and disapprove Wagner and Quarterman.
Capuzzo pled nolo contendere to charges stemming from cocaine trafficking and carrying a concealed weapon. The court scheduled a sentencing hearing based on that plea for November 7, 1988. On that day, Capuzzo flew himself and his defense attorney, via aircraft, to Orlando to attend the sentencing hearing at the Orange County Courthouse. Upon arrival at the courthouse, Capuzzo's attorney learned the State would oppose his motion for continuance of the hearing. When his attorney advised him of this, Capuzzo left the courthouse, returned to the airport, and flew the aircraft out of the court's jurisdiction. The trial court found Capuzzo voluntarily absented himself from the hearing and sentenced Capuzzo, in absentia, to a mandatory minimum prison term of fifteen years for trafficking in cocaine. The Fifth District Court of Appeal affirmed, holding Capuzzo could, and did, voluntarily waive his right to be present during the sentencing hearing. Capuzzo, 578 So.2d at 330, 331. In so holding, the district court took notice of, but refused to follow, decisions to the contrary by the Fourth and Second District Courts of Appeal in Wagner and Quarterman.
Florida Rule of Criminal Procedure 3.180(b) provides:
(b) Defendant Absenting Himself. If the defendant is present at the beginning of the trial and shall thereafter, during the progress of said trial or before the verdict of the jury shall have been returned into court, voluntarily absent himself from the presence of the court without leave of court, or is removed from the presence of the court because of his disruptive conduct during the trial, the trial of the cause or the return of the verdict of the jury in the case shall not thereby be postponed or delayed, but the trial, the submission of said case to the jury for verdict, and the return of the verdict thereon shall proceed in all respects as though the defendant were present in court at all times.
(Emphasis added.) Rule 3.180 codifies the well-established principle that defendants may voluntarily waive their right to be present during crucial stages of the trial that occur prior to verdict. Amazon v. State, 487 So.2d 8 (Fla.), cert. denied, 479 U.S. 914, 107 S.Ct. 314, 93 L.Ed.2d 288 (1986); State v. Melendez, 244 So.2d 137 (Fla. 1971). Rule 3.180(a)(9) mandates that criminal defendants be present "[a]t the pronouncement of judgment and the imposition of sentence," thus recognizing that sentencing is a crucial stage of a criminal trial. State v. Scott, 439 So.2d 219 (Fla. 1983). Rule 3.180, however, stops short of *440 guidance regarding waiver by absence after the return of the verdict. Nevertheless, the Fifth District in Capuzzo found waiver permissible at sentencing by reasoning that while "sentencing is a critical stage of the prosecution, it is no more critical than the trial stage." 578 So.2d at 330.
Unlike the Fifth District, other district courts have read rule 3.180's silence regarding waiver by absence during sentencing to mean that waiver, in this context, is impermissible. In Wagner the defendant, who was charged with trafficking in cocaine, absconded during trial and was convicted and sentenced in absentia to a thirty-year prison term. After Wagner was apprehended, the court denied his motion to vacate his sentence. On appeal the Fourth District found that rule 3.180's silence regarding waiver at sentencing means that "[a] trial court has no authority to impose sentence for a felony in absentia," and concurred with the Second District's holding in Quarterman. Wagner, 519 So.2d at 752. In Quarterman the court sentenced the defendant in absentia when he failed to appear for sentencing stemming from a guilty plea to a charge of armed robbery. On appeal the Second District remanded for reimposition of the sentence, holding the language in rule 3.180 requires the defendant's presence during imposition of sentence.
We prefer the reasoning of the Fifth District in Capuzzo; it is fundamentally sound and consistent with the rationale of rule 3.180. We see no reason to distinguish between a defendant's presence at sentencing and his or her presence at other crucial stages of the trial that occur prior to the return of the verdict. Neither precedent nor common sense requires allocating more "protection" to a defendant's presence during sentencing than, for example, his or her presence at the return of the verdict, upon which the trial's most fateful determination rests, (i.e., the fundamental determination of guilt or innocence). Where a defendant absents himself or herself by fleeing the court's jurisdiction, that defendant cannot claim lack of an express waiver. In such circumstances, securing an express waiver is impossible and the defendant's actions constitute a valid waiver. E.g., State v. Gurican, 576 So.2d 709, 712 (Fla. 1991) ("appellate courts of this state shall dismiss the appeal of a convicted defendant not yet sentenced who flees the jurisdiction before filing a notice of appeal"); Dufour v. State, 495 So.2d 154, 161 (Fla. 1986) (defendant voluntarily absented himself from pretrial motions hearing by "embarking on a `hunger strike' culminating in his hospitalization during the hearing"), cert. denied, 479 U.S. 1101, 107 S.Ct. 1332, 94 L.Ed.2d 183 (1987). A contrary rule of law would be repugnant to the rationale behind rule 3.180, which inherently dictates that defendants cannot be allowed to thwart or impede the judicial process through their own misconduct. Melendez, 244 So.2d at 139.
In the present case Capuzzo had full notice of the scheduled sentencing hearing. He voluntarily fled the court's jurisdiction when faced with the possibility of not securing a continuance of the hearing. The trial court acted well within its discretion in finding Capuzzo's absence voluntary and in sentencing him in absentia. Therefore, we hold that defendants who voluntarily fail to attend their scheduled sentencing hearings may be sentenced in absentia.[2] Accordingly, we approve the holding and rationale in Capuzzo and disapprove the holdings in Wagner and Quarterman regarding waiver by absence during sentencing.
It is so ordered.
*441 SHAW, C.J., and OVERTON, BARKETT, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[1] We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
[2] Our holding disposes of Capuzzo's claims that he was denied the right to allocution and the right to present evidence in mitigation of his sentence. Other jurisdictions have held the right to be present at sentencing is waivable. E.g., People v. Robertson, 48 Cal.3d 18, 255 Cal. Rptr. 631, 767 P.2d 1109, cert. denied, 493 U.S. 879, 110 S.Ct. 216, 107 L.Ed.2d 169 (1989); Byrd v. Ricketts, 233 Ga. 779, 213 S.E.2d 610, cert. denied, 422 U.S. 1011, 95 S.Ct. 2636, 45 L.Ed.2d 675 (1975); State v. Fry, 61 Haw. 226, 602 P.2d 13 (1979); Williams v. State, 526 N.E.2d 1179 (Ind. 1988); Carter v. Commonwealth, 782 S.W.2d 597 (Ky. 1989), cert. denied, ___ U.S. ___, 110 S.Ct. 3282, 111 L.Ed.2d 791 (1990); People v. Corley, 67 N.Y.2d 105, 500 N.Y.S.2d 633, 491 N.E.2d 1090 (1986).