633 So.2d 557 (1994)
Lazaro Miguel AGUIAR, Appellant,
v.
The STATE of Florida, Appellee.
No. 93-1062.
District Court of Appeal of Florida, Third District.
March 15, 1994.
Bennett H. Brummer, Public Defender, and Manuel Alvarez, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Fleur J. Lobree, Asst. Atty. Gen., for appellee.
Before BASKIN, LEVY and GERSTEN, JJ.
LEVY, Judge.
Lazaro Miguel Aguiar, the defendant, appeals the denial of his Rule 3.850 motion to *558 vacate his sentence which was imposed in absentia. We affirm based upon our finding that the defendant waived his right to be present at sentencing by reason of his voluntary absence.
The defendant was arrested and charged with nineteen counts of lewd assault, and three counts of capital sexual battery. At the defendant's trial, and during the State's case, the defendant left the courtroom for a break, and did not return. The only State witness who had not testified as of the time of the defendant's departure, was a detective, whose testimony related to the defendant's admission that he had intercourse with the victim when she was eleven. The trial court issued a warrant for the defendant's arrest, and the trial proceeded in the defendant's absence. See Fla.R.Crim.P. 3.180(b).[1] The jury returned guilty verdicts for the three counts of sexual battery upon a minor, and not guilty verdicts for the twenty counts of lewd assault. The trial court then adjudicated the defendant guilty of three counts of capital sexual battery, and proceeded to sentence the defendant, in absentia, to three concurrent life terms.[2]
Thereafter, the defendant was taken into custody, and filed a motion to vacate the sentence under Florida Rule of Criminal Procedure, Rule 3.850. The trial court denied the motion to vacate on the basis that it did have the authority to sentence the absconding defendant in absentia, and the defendant now appeals.
Sentencing is a critical stage in a criminal prosecution and a defendant has the right to be present "at the pronouncement of judgment and the imposition of sentence." Fla.R.Crim.P. 3.180(a)(9). See also Capuzzo v. State, 578 So.2d 328 (Fla. 5th DCA 1991) (defendant has right to be present at sentencing), decision approved by, 596 So.2d 438 (Fla. 1992); Summerall v. State, 588 So.2d 31 (Fla. 3d DCA 1991) (sentencing is critical stage where defendant has right to be present); Thacker v. State, 185 So.2d 202 (Fla. 3d DCA 1966) (same). And, while at one time there was a conflict among the districts as to whether that right could be waived, see Capuzzo v. State, 578 So.2d at 328; Wagner v. State, 519 So.2d 751 (Fla. 4th DCA 1988), disapproved of by, 596 So.2d 438 (Fla. 1992); Quarterman v. State, 506 So.2d 50 (Fla. 2nd DCA 1987), disapproved of by, 596 So.2d 438 (Fla. 1992); Roseman v. State, 497 So.2d 986 (Fla. 5th DCA 1986), the Florida Supreme Court has now established that a defendant may waive his constitutional right to be present at sentencing, and may be sentenced in absentia. Capuzzo v. State, 596 So.2d 438 (Fla. 1992). See also State v. Gurican, 576 So.2d 709, 712 (Fla. 1991) ("where the convicted defendant escapes and fails to appear for sentencing, we advise trial courts to proceed in absentia and render their final judgments adjudicating the defendant guilty").
We disagree with the defendant's argument that Capuzzo is distinguishable from the present case based upon the fact that the defendant in Capuzzo had actual notice of the sentencing hearing. In Capuzzo, the defendant had entered a plea, and a sentencing hearing was scheduled. The defendant failed to appear at the scheduled sentencing hearing. The specific issue addressed by the Court was whether a defendant could be sentenced in absentia, where the defendant voluntarily failed to attend a scheduled sentencing hearing.
The Court in Capuzzo upheld the trial court's determination that a defendant could be sentenced in absentia under these circumstances, and, in so doing, specifically disapproved of a Fourth District decision with procedural facts substantially similar to those of the present case. Capuzzo, 596 So.2d at 440. In the Fourth District case of Wagner v. State, 519 So.2d 751 (Fla. 4th DCA 1988), *559 the defendant also voluntarily absconded during trial, and was convicted and sentenced without actual notice of a sentencing hearing. The Florida Supreme Court specifically disapproved of the holding in Wagner, that a "trial court has no authority to impose sentence for a felony in absentia." Capuzzo, 596 So.2d at 440 (quoting Wagner, 519 So.2d at 752).
More importantly, in reaching the conclusion that a defendant who voluntarily fails to attend a scheduled sentencing hearing can be sentenced without being present, the Capuzzo Court noted further that:
We see no reason to distinguish between a defendant's presence at sentencing and his or her presence at other crucial stages of the trial that occur prior to the return of the verdict. Neither precedent nor common sense requires allocating more "protection" to a defendant's presence during sentencing than, for example, his or her presence at the return of the verdict, upon which the trial's most fateful determination rests, (i.e., the fundamental determination of guilt or innocence).
Capuzzo, 596 So.2d at 440 (emphasis added).
Accordingly, we see no reason to distinguish between the defendant who absconds with actual notice of a scheduled sentencing hearing, and the defendant who absconds during trial proceedings,[3] thereby waiving the opportunity of learning the sentencing date that is set once the defendant has been found guilty. Even in the absence of actual notice, a defendant in an ongoing criminal trial proceeding knows that, in the event he or she is found guilty, a sentencing hearing will follow.
The voluntary decision to abscond during trial constitutes a waiver, not only of the right to be present at the time of adjudication, see Fla.R.Crim.P. 3.180(b), but also of the right to be present at the sentencing hearing. Capuzzo v. State, 596 So.2d at 438. "A contrary rule of law would be repugnant to the rationale behind Rule 3.180, which inherently dictates that defendants cannot be allowed to thwart or impede the judicial process through their own misconduct." Capuzzo v. State, 596 So.2d at 440.
Affirmed.
NOTES
[1] Pursuant to Rule 3.180(b) of the Florida Rules of Criminal Procedure, where a defendant voluntarily absents himself during the progress of the trial without leave of court:

the trial of the cause or the return of the verdict of the jury in the case shall not thereby be postponed or delayed, but the trial, the submission of the case to the jury for verdict, and the return of the verdict thereon shall proceed in all respects as though the defendant were present in court at all times.
[2] The sentences imposed were the least restrictive possible for capital sexual battery under the mandates of Sections 794.011(2) and 775.082(1), Florida Statutes (1993).
[3] Moreover, several courts in other jurisdictions have upheld a trial court's right to impose sentence in absentia, finding that a defendant who absconds during trial waives his right to be personally present, not only for the remainder of the trial, but at sentencing as well. See People v. Castro, 114 Ill. App.3d 984, 449 N.E.2d 886, 70 Ill.Dec. 539 (Ill. App.Ct. 1983); Williams v. State, 526 N.E.2d 1179 (Ind. 1988); People v. Davis, 106 A.D.2d 657, 483 N.Y.S.2d 119 (N.Y. App. Div. 1984).