646 So.2d 808 (1994)
J.B., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. 94-811.
District Court of Appeal of Florida, First District.
December 8, 1994.
Nancy A. Daniels, Public Defender, and P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and William J. Bakstran, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
J.B., a juvenile, was convicted of the criminal offenses of theft of an automobile and theft of a golfcart. He appeals an order requiring him to pay restitution to the owners for damages to the two vehicles suffered as a consequence of the theft, and to pay restitution in the amount of lost wages sustained by the victims for the time they spent in attending the restitution hearing. We reverse for the following reasons.
We agree with J.B. that he was entitled to be present at the restitution hearing unless he validly waived that right (See Rule 8.100, Fla.R.Juv.P.), and that even though he did not show up at the scheduled restitution hearing, the state failed to prove an effective waiver of his right to be present. The trial court's conversation with an "unidentified speaker" (even though it appeared the speaker was J.B.'s mother) was not sworn evidence and did not constitute competent, substantial evidence proving an effective waiver of this right. Further, we note that neither the transcript of the hearing nor the restitution order contains any finding of waiver by the trial court.
We also agree with J.B. that it was error to order restitution for lost wages attributable to the victims' attendance as witnesses *809 at the restitution hearing. "[A] substantial limitation on restitution in juvenile cases is the element of causation." K.M.C. v. State, 485 So.2d 1296, 1297 (Fla. 1st DCA), rev. denied, 492 So.2d 1335 (Fla. 1986). In that respect, it is necessary that "the damage bear a significant relationship to the convicted offense." J.S.H. v. State, 472 So.2d 737, 738 (Fla. 1985). These maxims, taken in conjunction with the strict construction that must be given the juvenile restitution statute and the lack of any specific reference in the statute to lost wages, lead us to conclude that the award of restitution for lost wages was not authorized by law because these lost wages were not causally related to the commission of the crime but resulted from the witnesses' attendance at the hearing. The state cites no authority for including as costs the wages lost by a witness.
The order of restitution is reversed and the cause is remanded for further proceedings on the matter of restitution consistent with this opinion.
REVERSED AND REMANDED.
ZEHMER, C.J., and DAVIS, J., concur.
BOOTH, J., dissents with opinion.
BOOTH, Judge, dissenting.
I respectfully dissent and would affirm the order below in its entirety. Appellant was notified of the restitution hearing, his counsel was present but appellant willfully chose not to attend and, therefore, cannot now be heard to complain that the hearing was conducted in his absence. Capuzzo v. State, 596 So.2d 438, 440 (Fla. 1992). In Capuzzo, the Florida Supreme Court upheld the court's right to sentence a defendant who voluntarily failed to attend a sentencing hearing. The rationale of that opinion applicable here is that "defendants cannot be allowed to thwart or impede the judicial process through their own misconduct." Aguiar v. State, 633 So.2d 557 (Fla. 3d DCA 1994). Accord, Dufour v. State, 495 So.2d 154, 161 (Fla. 1986) (defendant voluntarily absented himself from pre-trial motions hearing by "embarking on a `hunger strike' culminating in his hospitalization during the hearing"), cert. denied, 479 U.S. 1101, 107 S.Ct. 1332, 94 L.Ed.2d 183 (1987).
Concerning assessment of restitution for wages lost by the victim as a result of attending the restitution hearing, no authority is cited which precludes including these amounts in the restitution, and no abuse of the trial court's discretion is shown on the record before us.