BOOTH, Judge,
dissenting.
I respectfully dissent and would affirm the order below in its entirety. Appellant was notified of the restitution hearing, his counsel was present but appellant willfully chose not to attend and, therefore, cannot now be heard to complain that the hearing was conducted in his absence. Capuzzo v. State, 596 So.2d 438, 440 (Fla.1992). In Capuzzo, the Florida Supreme Court upheld the court’s right to sentence a defendant who voluntarily failed to attend a sentencing hearing. The rationale of that opinion applicable here is that “defendants cannot be allowed to thwart or impede the judicial process through their own misconduct.” Aguiar v. State, 633 So.2d 557 (Fla. 3d DCA 1994). Accord, Dufour v. State, 495 So.2d 154, 161 (Fla.1986) (defendant voluntarily absented himself from pretrial motions hearing by “embarking on a ‘hunger strike’ culminating in his hospitalization during the hearing”), cert. denied, 479 U.S. 1101, 107 S.Ct. 1332, 94 L.Ed.2d 183 (1987).
Concerning assessment of restitution for wages lost by the victim as a result of attending the restitution hearing, no authority is cited which precludes including these amounts in the restitution, and no abuse of the trial court’s discretion is shown on the record before us.