PER CURIAM.
J.C. appeals the trial court’s restitution order. She contends that the trial court erred by conducting the restitution hearing in her absence. We agree and reverse.
A defendant has the constitutional right to be present at all stages of a criminal proceeding, including a restitution hearing. Coney v. State, 653 So.2d 1009, 1013 (Fla.1995). “[U]nless the State can show that a defendant knowingly and voluntarily waived his right to be present at his restitution hearing, it is error to proceed in his absence.” Baker v. State, 979 So.2d 453, 455 (Fla. 2d DCA 2008). A defendant’s waiver of the right to be present may be express, or it may be implied from the defendant’s voluntary absence. Capuzzo v. State, 596 So.2d 438, 439-40 (Fla.1992). In order for a defendant to voluntarily absent himself from a hearing, a defendant must have had notice of the hearing and intentionally avoided it or left the court during the proceeding. Id. at 440.
Here, no competent substantial evidence exists to show that J.C. voluntarily absented herself from the restitution hearing. The record does not reflect that J.C. received notice the first time the hearing was set. The second time the hearing was set, J.C. was in custody in an adjacent county and no transport order was issued. The last time the hearing was set, J.C. was in a residential drug treatment program. While these delays crowded the court’s docket and unnecessarily wasted valuable court time, we cannot conclude that J.C.’s absence was voluntary or an intentional waiver of her right to be present.
Accordingly, we reverse the restitution order and remand for a new hearing.
REVERSED and REMANDED.
SAWAYA, ORFINGER and TORPY, JJ., concur.