DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**J.R.,** a child,
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D18-1719

[April 3, 2019]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Stacy Ross, Judge; L.T. Case No. 15002015DLA.

Carey Haughwout, Public Defender, and Virginia Murphy, Assistant Public Defender, West Palm Beach, for appellant.

Ashley B. Moody, Attorney General, Tallahassee, and Georgina Jimenez-Orosa, Assistant Attorney General, West Palm Beach, for appellee.

WARNER, J.

Appellant challenges his adjudication of delinquency for attempted armed robbery and his commitment to a maximum risk residential program. As to his adjudication, he contends that the court erred in proceeding with the adjudicatory hearing without his presence and over his attorney's objection. As to his disposition, he argues that the court erred in proceeding with his disposition without a completed comprehensive evaluation. Because the trial court did not abuse its discretion in concluding that J.R. voluntarily absented himself from the adjudicatory hearing after its commencement, we affirm his adjudication. However, we reverse the disposition and commitment, as the comprehensive evaluation is mandatory pursuant to the statute.

The State charged appellant, as a juvenile, with attempted armed robbery. While J.R. was present at the commencement of the adjudicatory hearing, the hearing was continued, and he failed to appear on the date of the continued hearing. His attorney told the court that she had spoken to J.R. the day before the hearing, and he promised to be there at 9 a.m.

Because of J.R.'s non-appearance, a capias was issued, and he was arrested six months later. When he was released, he was advised by the judge herself of the date of his continued adjudicatory hearing. He failed to appear. His juvenile probation officer told the court that she had contacted appellant's mother and informed her of the necessity of appellant's appearance. The evidentiary portion of the hearing concluded, and to provide appellant an additional opportunity to appear, the court held closing arguments the following day. The juvenile probation officer called his residence again to inform him of the proceedings, but he could not be reached. The court adjudicated him guilty of attempted armed robbery.

When the disposition hearing was set and reset again, because of his absence and the lack of a completed predisposition report, appellant was located in Georgia, where he had been arrested and was being held without bond. Because he was not present, and Georgia would not extradite him, the Department of Juvenile Justice could not perform a comprehensive evaluation to include in the Predisposition Report. Despite the lack of the evaluation, the court proceeded with disposition and sentenced him to a maximum risk residential program. He appeals both the adjudication and disposition.

The trial court concluded that J.R. was voluntarily absent from the disposition hearing, i.e., that he had waived his right to be present. Persons convicted of crimes can be sentenced without being present when they, with actual knowledge of the scheduled hearing, voluntarily absent themselves. *See Capuzzo v. State*, 596 So. 2d 438, 440 (Fla. 1992). An appellate court reviews a disposition order to determine whether the trial court abused its discretion in finding that a defendant voluntarily absented himself from the proceedings. *Id.*

Florida Rule of Juvenile Procedure 8.100(c) provides:

> **(c) Absence of the Child.** If the child is present at the beginning of a hearing and during the progress of the hearing **voluntarily absents himself or herself from the presence of the court without leave of the court**, or is removed from the presence of the court because of disruptive conduct during the hearing, the hearing shall not be postponed or delayed, but shall proceed in all respects as if the child were present in court at all times.

(second emphasis added). In analyzing the similar adult rule of procedure, Florida Rule of Criminal Procedure 3.180(b), *Capuzzo* reasoned that where

the defendant absents himself from the proceeding, his actions constitute a waiver of his right to be present for a trial, adjudication, and sentencing. *Capuzzo*, 596 So. 2d at 439-40. "A contrary rule of law would be repugnant to the rationale behind rule 3.180, which inherently dictates that defendants cannot be allowed to thwart or impede the judicial process through their own misconduct." *Id.* at 440 (citing *State v. Melendez*, 244 So. 2d. 137, 139 (Fla. 1971)).

The appellant failed to appear, not once but twice, during the progress of the hearing. The court even directly advised him of the date of the second continuation. The trial court was within its discretion to conclude that his absence from the continued hearing was voluntary. We affirm the adjudication, despite the absence of the appellant from the proceedings.

After adjudicating appellant guilty, the court proceeded with a disposition hearing. There was some urgency because appellant's nineteenth birthday was approaching, and the court concluded that it must complete the sentence before that date, otherwise it would lose jurisdiction. The court ordered a predisposition report because the State requested that appellant be placed in a maximum risk facility. The Department, however, did not complete the report, as it could not conduct a comprehensive evaluation of appellant, who was incarcerated in Georgia. After discussions with the Department and the juvenile probation officer, the court held a disposition hearing. The Department presented its predisposition report, but it did not include a comprehensive evaluation due to the absence of appellant. The court sentenced appellant into a high risk facility.

Section 985.185(1), Florida Statutes (2018), provides, "A comprehensive evaluation for physical health, mental health, substance abuse, academic, educational, or vocational problems shall be ordered for any child for whom a residential commitment disposition is anticipated or recommended by an officer of the court or by the department." This requirement is repeated in section 985.43(1)(b), Florida Statutes (2018), which provides that a summary of the evaluation must be included in the predisposition report. The requirement of a comprehensive evaluation is mandatory, and strict compliance with the statutory provisions regarding juvenile disposition hearings is required. *See K.D. v. State*, 911 So. 2d 885, 886 (Fla. 1st DCA 2005). The court errs when it proceeds with a disposition involving residential commitment without obtaining the comprehensive evaluation. *K.P. v. State*, 97 So. 3d 966, 967 (Fla. 4th DCA 2012).

3

The State contends that appellant absconded and made himself unavailable to complete the required evaluation. It analogizes the situation to one of invited error. However, the statute mandates a comprehensive evaluation, and it even provides for the child to be taken into custody following adjudication in order for the evaluation to be completed. *See* § 985.43(1)(c), Fla. Stat. There is no exception to the evaluation requirement when a juvenile absconds, and this court cannot create an exception to the statute. Thus, reluctantly, we reverse the disposition and remand for further proceedings.

*Affirmed in part; reversed in part and remanded for further proceedings.*

GROSS, J., and WEISS, DALIAH, Associate Judge, concur.

\*　　　\*　　　\*

***Not final until disposition of timely filed motion for rehearing.***