# Third District Court of Appeal

## State of Florida

Opinion filed April 20, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-0003
Lower Tribunal No. F15-20059
_____

**Brandon Owens,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Marisa Tinkler Mendez, Judge.

Brandon Owens, in proper person.

Ashley Moody, Attorney General, and Sandra Lipman, Assistant Attorney General, for appellee.

Before LOGUE, MILLER, and LOBREE, JJ.

PER CURIAM.

Appellant, Brandon Owens, appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. The motion alleged seven grounds of ineffective assistance of counsel. We find no error in the denial of claims one, two, three, four, five, and seven. We conclude, however, that because claim six, alleging that defense counsel provided ineffective assistance by failing to object to appellant's absence at the sentencing hearing, is not conclusively refuted by the record, it merits remand. Upon remand, the trial court shall conduct an evidentiary hearing or, in the alternative, append record evidence conclusively establishing appellant's absence was either voluntary or did not result in prejudice. See Fla. R. Crim. P. 3.180(c)(2); Capuzzo v. State, 596 So. 2d 438, 440 (Fla. 1992); Reynolds v. State, 313 So. 3d 129, 133 (Fla. 4th DCA 2021); Strickland v. Washington, 466 U.S. 668, 697 (1984).

Affirmed in part, reversed in part, and remanded.