CAMPBELL, Acting Chief Judge.
Appellant, M.V., was adjudicated delinquent and was placed on community control.
On appeal, he contends first that the trial court should have granted his motion to dismiss on speedy trial grounds. The state requested and obtained an extension of speedy trial on the grounds that the victim of the sexual battery had become uncooperative and the state wished to use the new hearsay exception under section 90.803, Florida Statutes (1985).
Appellant’s speedy trial time was to run out on October 28, 1985. On October 22, 1985, the prosecutor requested an extension on the grounds that its four-year-old victim had recently become uncooperative and would not testify. Under the new statute, however, the state was required to give defense counsel ten days notice. The state could not comply. The court found the witness problem to be an exceptional circumstance and granted the extension over appellant’s objections.
Under Florida Rule of Juvenile Procedure 8.180, the trial court may grant such an extension on the grounds of exceptional circumstances in the interest of substantial justice. One of the exceptional circumstances specifically listed is “unexpected illness or unexpected incapacity or unforeseeable and unavoidable absence of a person whose presence or testimony is uniquely necessary for a full and adequate trial.”
The testimony of the child victim of a sexual battery is certainly uniquely necessary for a full and adequate trial. Since this child was willing to testify until one or two days prior to trial, we believe that the *1167 child’s reluctance to testify may be considered an unexpected and unforeseeable circumstance such as to warrant an extension of speedy trial.
Appellant also argues that the court erred when it placed him on community control without a time limit. Because sections 39.11(l)(a)(l) and 39.111(4)(a), Florida Statutes (1985) provide that the duration of the program shall not exceed the sentence that could be imposed if appellant were committed for the offense, or his nineteenth birthday, we remand to allow the trial court to correct the sentence to set forth the duration of his program of community control.
HALL and THREADGILL, JJ., concur.