598 So.2d 229 (1992)
Dale DRINNON, Appellant,
v.
STATE of Florida, Appellee.
No. 91-01356.
District Court of Appeal of Florida, Second District.
May 8, 1992.
James Marion Moorman, Public Defender, and David A. Snyder, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and David R. Gemmer, Asst. Atty. Gen., Tampa, for appellee.
SCHOONOVER, Chief Judge.
The appellant, Dale Drinnon, challenges the sentences imposed upon him after he pled nolo contendere to charges of robbery with a weapon and aggravated battery.
The appellant, after pleading nolo contendere to the charges filed against him, was sentenced to serve two twenty year concurrent sentences[1] and ordered to pay attorney's fees in the amount of $250 and court costs in the amount of $650.
Although the trial court imposed an upward departure sentence, the court did not file written reasons for the departure at the time it sentenced the appellant, but instead signed and filed them approximately two weeks later. Since the written reasons were not executed at the time of sentencing, *230 the trial court erred by entering a departure sentence. Ree v. State, 565 So.2d 1329 (Fla. 1990). We, accordingly, reverse and remand for sentencing within the guidelines. Pope v. State, 561 So.2d 554 (Fla. 1990).
Upon remand, if the trial court again awards an attorney's fee pursuant to section 27.56, Florida Statutes (1989), the appellant must be informed of his right to contest the amount of said fees. Fla. R.Crim.P. 3.720(d)(1); see Bull v. State, 548 So.2d 1103 (Fla. 1989).
Reversed and remanded for resentencing.
CAMPBELL and ALTENBERND, JJ., concur.
NOTES
[1] Although the appellant's contention concerning the length of his sentence for aggravated battery is now moot, we note that the statutory maximum sentence for that offense is fifteen years. § 784.045(2), Fla. Stat. (1989); § 775.082(3)(c), Fla. Stat. (1989).