THREADGILL, Judge.
M.H., a juvenile, appeals an order of adjudication of delinquency and commitment to the Department of Health and Rehabilitative Services (HRS). He contends that the order must be reversed because the trial court failed in three instances to comply with the requirements of chapter 39, Florida Statutes (1991). We reverse on two grounds.
First, the trial court erred in failing to express reasons for the adjudication and commitment. Second, the trial court erred in failing to consider a predisposition report before the adjudication and commitment. These disposition procedures are required by subsections 39.052(3)(a) and (e)1, Florida Statutes, (1991), and failure to strictly comply with them is reversible error. See R.G.S. v. State, 597 So.2d 816 (Fla. 2d DCA), rev. denied, 601 So.2d 553 (Fla.1992).
Although the order notes that the appellant waived the predisposition report, the record does not reflect the waiver. Therefore if the appellant knowingly and intelligently waives the predisposition report upon remand, he shall make the waiver on the record.
We find no error in the trial court’s failure to specify a duration for the appellant’s commitment. The appellant will reach age nineteen before the maximum adult term, for which he could have been committed, expires. Therefore his term, by operation of law, will last until his nineteenth birthday. See E.J. v. State, 595 So.2d 282 (Fla. 1st DCA 1992); §§ 39.054(4) and 39.054(1)(a)5, Fla.Stat. (1991).
Reversed and remanded.
FRANK, C.J., and HALL, J., concur.