STEVENSON, Judge.
B.B., a juvenile, pled guilty to two counts of simple battery, was adjudicated delinquent, and in this appeal, challenges the trial court’s disposition order. Appellant was placed on supervised*eommunity control until her nineteenth birthday with the special conditions that she complete fifty hours of community service, apologize to the victim in writing, pay fifty dollars to the Florida Crime Compensation Fund, and obtain a GED within one year. Appellant argues (1) that the trial court erred in failing to consider a predisposition report prior to disposition; (2) that the period of supervised community control exceeds the statutory maximum for the offenses committed; and (3) that the requirement that she obtain a GED in one year is unreasonable and should be stricken because it is unrelated to rehabilitation and, in any event, she will be unable to comply within the time allowed. Because we find merit in appellant’s first argument, we vacate the disposition order.
We agree with appellant that the trial court erred in making a disposition in this ease without first considering a predisposition report. See § 39.052(3)(a), Fla.Stat. (1993). Failure to consider a predisposition report prior to disposition in a juvenile case is reversible error. M.H. v. State, 621 So.2d 527 (Fla. 2d DCA 1993). Although consideration of a predisposition report is necessary under the statute, we agree with M.H. v. State that the report may be knowingly and intelligently waived. In the present case, the trial court’s order noted that appellant waived the predisposition report, but the record does not reflect the waiver. Because the record does not disclose that appellant knowingly and intelligently waived her right to a predisposition report, we must vacate the sentence and remand this case for a new disposition hearing. On remand, appellant must either waive her right to a predisposition report on the record, or the trial court must order a predisposition report prior to disposition.
Appellant next argues, and the state concedes, that the trial court erred in placing her on supervised community control for a period of time which will exceed the statutory maximum for the offenses for which she was adjudicated delinquent. See A.R. v. State, 593 So.2d 1128 (Fla. 1st DCA 1992) (although community control can last until the juvenile's nineteenth birthday, the duration of supervised community control shall not exceed the period for which a sentence of imprisonment could be imposed on an adult committing the same offense). Notwithstanding the above, the state’s concession in the instant case appears to us to be misguided. Appellant was placed on supervised community control until her nineteenth birthday, which according to the record, will occur on October 29, 1995. The disposition order was entered on November 21, 1993. Consequently, appellant was placed on supervised community control for a period of slightly less than two years. Had appellant been an adult, she could have been sentenced to a maximum two years incarceration if the one year maximum sentences for each battery charge were ordered to run consecutively. See §§ 784.03(2) and 775.082(4)(a), Fla.Stat. (1993) (simple battery is a first degree misdemeanor punishable by a term of imprisonment not exceeding one year.) Therefore, although this issue is moot since we vacate the disposition order, we see nothing wrong with the trial court placing appellant on su *270 pervised community control until her nineteenth birthday.
Appellant also argues that she should not be required to obtain a GED as a condition of community control because there is nothing in the record to suggest a relationship between the crime of battery and her lack of a high school diploma. Therefore, appellant claims, there is no rehabilitative objective in her obtaining a GED. In support of her argument, appellant cites In the Interest of J.C.S., 560 So.2d 426 (Fla. 4th DCA 1990) where this court struck a condition of community control that forbade the juvenile from wearing jewelry because the condition was unrelated to both his charges and rehabilitation. We find appellant’s reliance on J.C.S. misplaced and this argument completely lacking in merit. The legislature has recognized the correlation between delinquent behavior and lack of education and has specifically given trial judges discretion to require juvenile delinquents to enroll in “school or other educational program” alternatives as a rehabilitative component of supervised community control. See § 39.053(2), Fla.Stat. (1993).
Lastly, although we are sympathetic to appellant’s argument that it is unrealistic for the trial court to expect her to receive a GED within one year since she only has a ninth grade education thus far, works full time, and has a child to take care of, we cannot right now and on the record provided, say that the condition imposed is unduly burdensome or oppressive. Unquestionably, at any ensuing violation hearing, appellant may seek to show that fulfillment of the conditions were beyond her control despite her best efforts to comply.
We vacate the disposition and remand for further proceedings.
STONE and POLEN, JJ., concur.