661 So.2d 50 (1995)
Nollie Glenn JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 94-02269.
District Court of Appeal of Florida, Second District.
May 19, 1995.
*51 James Marion Moorman, Public Defender, and John S. Lynch, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Stephen D. Ake, Asst. Atty. Gen., Tampa, for appellee.
WHATLEY, Judge.
Nollie Glenn Jones appeals his conviction and sentence for possession of methamphetamine. We affirm his conviction without discussion; however, we strike certain conditions of Jones's probation and certain costs imposed by the trial court.
First, the trial court improperly imposed four special conditions of probation without announcing these conditions at sentencing. This was error. See Nank v. State, 646 So.2d 762 (Fla. 2d DCA 1994). We affirm condition three insofar as it prohibits the ownership or possession of a firearm, but strike the part of condition three relating to weapons and destructive devices. In addition, we strike that portion of condition five relating to excessive use of intoxicants because it was not pronounced at sentencing. We also strike condition eight, condition twenty, and condition twenty-four of the probation order insofar as they require Jones to pay for evaluation and treatment because the trial court did not pronounce this special condition. Furthermore, we affirm the portion of condition eighteen which prohibits the consumption and possession of illegal drugs, but we strike the part of condition eighteen relating to the consumption and possession of alcohol because this condition was not pronounced at sentencing.
Second, the trial court imposed a cost of $2 pursuant to section 943.25(13), Florida Statutes (1991). This cost is discretionary, and since the trial court did not give *52 Jones notice of this cost at sentencing, this cost must be stricken. See Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995). Next, the trial court imposed a cost of $50 pursuant to section 960.20, Florida Statutes (1991). This is a mandatory cost and was correctly assessed. Further, $3 was assessed pursuant to section 943.25(3), Florida Statutes (1991), which is also mandatory and is therefore valid. Additionally, $200 was assessed pursuant to section 27.3455, Florida Statutes (1991). This cost is mandatory and was correctly assessed. A "cost/fine" of $33 was imposed, referencing no statutory authority. It is essential that a trial court provide the statutory basis for every cost item imposed. Id. Accordingly, this fifth cost must be stricken. Finally, $100 was assessed for the F.D.L.E. lab fee. However, at the sentencing hearing, there was no request for such cost by the agency nor was there documentation supporting the cost. Consequently, this cost must also be stricken. Id. On remand, the state may seek to reimpose appropriate costs in accordance with Reyes. 655 So.2d 111.
Third, Jones was assessed $250 in attorney's fees. However, he was not given notice of his right to contest the amount of the assessment. See Drinnon v. State, 598 So.2d 229 (Fla. 2d DCA 1992). On remand, Jones shall have 30 days from the date of the mandate to file a written objection to the amount assessed. If an objection is filed with the trial court, the assessment shall be stricken, and a new assessment may be imposed in accordance with Florida Rule of Criminal Procedure 3.720(d)(1). Bourque v. State, 595 So.2d 222 (Fla. 2d DCA 1992).
Accordingly, we affirm the judgment and sentence, but strike portions of the probation conditions and portions of the costs assessed.
PARKER, A.C.J., and ALTENBERND, J., concur.