WHATLEY, Judge.
In this appeal brought pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), we have found no error affecting Butler’s conviction; however, we strike certain costs imposed by the trial court.
First, a cost of $300 was assessed by the trial court, referencing no statutory authority. Under Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995), it is mandatory for a trial court to provide the statutory basis for every cost item imposed. Accordingly, this cost must be stricken. On remand, the state may seek to reimpose appropriate costs in accordance with Reyes.
Second, Butler was assessed attorney’s fees without being given notice of his right to contest the amount of those fees. See Drinnon v. State, 598 So.2d 229 (Fla. 2d DCA 1992). On remand, if the trial court awards attorney’s fees, Butler must be informed of his right to contest the amount of the fees.
Accordingly, we affirm the judgment and sentence, but strike portions of the costs assessed.
PARKER, A.C.J., and ALTENBERND, J., concur.