PER CURIAM.
Appellate counsel for Robert Hughes filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). After an independent review of the record and the law, we see no error affecting Hughes’ conviction and sentence for violation of probation. However, we strike one cost imposed by the trial court and remand for Hughes to have an opportunity to file a written objection to the attorney’s fees assessed.
First, a cost of $2 was assessed pursuant to section 943.25(13), Florida Statutes (1993). This cost is discretionary, and since the trial court failed to give Hughes notice of this cost, this cost must be stricken. See Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995).
Second, Hughes was assessed attorney’s fees without being given notice of his right to contest the amount of the fee. See Drinnon v. State, 598 So.2d 229 (Fla. 2d DCA 1992). On remand, Hughes should have 30 days from the date of the mandate to file a written objection to the fee assessed. If an objection is filed, the assessment should be stricken, and a new assessment may be imposed in accordance with Florida Rule of Criminal Procedure 3.720(d)(1).
Accordingly, we affirm the judgment and sentence, but strike one cost assessed and remand for Hughes to have an opportunity to file a written objection to the attorney’s fees assessed.
DANAHY, A.C.J., and ALTENBERND and WHATLEY, JJ., concur.