CAMPBELL, Acting Chief Judge.
Appellant appeals his judgment and sentence for possession of a weapon on school property and introduction of cocaine into a detention facility. He also challenges the imposition of certain costs and conditions of his probation. We affirm his conviction, but strike three of the conditions of probation. We also strike the $50.00 cost of prosecution since there was no request or other documentation submitted to support the cost. See Jones v. State, 661 So.2d 50 (Fla. 2d DCA 1995).
Appellant challenges conditions four, six, nine, twelve, thirteen, fifteen, sixteen and seventeen of his probation because they were not orally pronounced at sentencing. In view of the supreme court’s recent ruling in State v. Hart, 668 So.2d 589 (Fla.1996), we conclude that appellant had constructive notice of conditions four, six, and nine. Thus, the court did not err in failing to orally pronounce them at sentencing.
The remaining challenged conditions, however, must be stricken since they were not orally pronounced at sentencing. Conditions twelve, thirteen and seventeen provide that appellant submit to a drug and alcohol evaluation to determine if he has a drug problem and to successfully complete any treatment required, including random drug testing as ordered by the treatment center. The cost of evaluation, random testing and treatment is to be paid for-by appellant. These requirements constitute special conditions of probation which must be orally pronounced. Since they were not, they are *1082 stricken. See Nank v. State, 646 So.2d 762 (Fla. 2d DCA 1994); Curry v. State, 656 So.2d 521 (Fla. 2d DCA 1995).
Condition fifteen provides: “You shall pay statutory costs in the amount of $300.00 at the rate of $25.00 per month, beginning with 30 days to the Clerk of the Circuit Court.” This is listed as a special condition of probation and was not orally pronounced. Thus, it must be stricken.
Finally, condition sixteen provides: “You shall submit to search and seizure of person, automobile or residence at any time by your probation officer without a warrant.” Since the trial court faded to announce this special condition, it is stricken.
Accordingly, we affirm appellant’s conviction and sentence, but reverse the imposition of the special conditions and costs of prosecution unlawfully imposed.
PARKER and PATTERSON, JJ., concur.