PER CURIAM.
Appellant raises two issues in this appeal from an order of adjudication of delinquency and commitment to the Department of Juvenile Justice. First, appellant argues that the trial court failed to comply with the disposition hearing requirements of section 39.052(4), Florida Statutes (1995). We agree and are obliged to reverse on this issue. We affirm, however, the restitution ordered without further discussion.
Appellant pled no contest to charges of petit theft and grand theft. The Department of Juvenile Justice later recommended to the court that disposition be continued until appellant had undergone psychiatric evaluation so that the Department could complete its predisposition report by making placement and other recommendations and propose a treatment plan. After the court was informed at the disposition hearing that the psychiatric evaluation was pending and although the Department had not completed the predisposition report, the trial court adjudicated appellant delinquent and sentenced him to a moderate risk residential level.
Section 39.052(4), Florida Statutes, contains specific procedures for disposition hearings. At a disposition hearing, the court is required to consider a predisposition report “regarding the suitability of the child for disposition other than by adjudication and commitment” that
shall indicate and report the child’s priority needs, recommendations as to a classification of risk for the child in the context of his program and supervision needs, and a plan for treatment that recommends the most appropriate placement setting to meet the child’s needs with the minimum program security that reasonably ensures public safety.
§ 39.052(4)(a), Fla.Stat. (1995). The trial court in the instant ease had none of this before it at the disposition hearing because the predisposition report had not been completed. In addition, despite the statute’s requirement, the court did not reduce to 'writing its reasons for adjudicating appellant delinquent and committing him. § 39.052(4)(e)l., Fla.Stat. Similarly, the court is required to consider the Department’s placement and restrictiveness level recommendations for a child, and if the court disregards them, the court must state its reasons on the record. § 39.052(4)(e)2., 3., Fla.Stat. Because the predisposition report was incomplete, the court did not have the required Department recommendations before it and stated no reasons for its actions on the record.
We have previously held, as have other courts, that strict compliance with the statutory procedures in disposition hearings is required. B.B. v. State, 647 So.2d 268 (Fla. 4th DCA 1994) (holding trial court erred by ordering disposition without predisposition report); M.H. v. State, 621 So.2d 527 (Fla. 2d DCA 1993) (holding trial court erred by failing to express reasons for adjudication and commitment and by failing to consider a predisposition report); R.G.S. v. State, 597 So.2d 816 (Fla. 2d DCA) (holding that where trial court failed to make separate findings to adjudicate and commit child, court’s adoption of detailed department recommendation constitutes compliance), review denied, 601 So.2d 553 (Fla.1992); T.S.J. v. State, 439 So.2d 966 (Fla. 1st DCA 1983) (stating that failure to comply strictly with mandatory statutory provisions for disposition hearings results in reversible error); see also, H.L.L. v. State, 595 So.2d 223 (Fla. 2d DCA 1992) (remanding for resentencing where court failed to make statutorily required findings *74 supporting adjudication and commitment). In the instant case, the statutorily required predisposition report containing the requisite recommendations and analyses had not been completed, and the court proceeded to adjudication and sentence without it.[1] Because of this and the other errors discussed, we are obliged to vacate the sentence and remand for a new disposition hearing.
ERVIN, MINER and VAN NORTWICK, JJ., concur.

. Although the predisposition report may be knowingly and intelligently waived, there is no evidence that appellant did so in this case. B.B. v. State at 269.