PER CURIAM.
The appellant, C.P., a child, challenges the trial court’s order which adjudicated her to have committed a delinquent act and placed her on a program of community control. After a review of the record in accordance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), we affirm the appellant’s convictions. However, we find that the trial court erred in failing to specify the term of the appellant’s community control program and, accordingly, remand for clarification of the written order.
*184 The appellant was charged with battery upon a school board employee, in violation of section 231.06(2), Florida Statutes (1993), a third degree felony punishable by imprisonment not to exceed five years. After a non-jury trial, the trial court adjudicated her delinquent of the above crime and placed her on a program of community control without specifying the term of the program. The appellant filed a timely notice of appeal.
We disagree with the appellant’s contentions that the trial court erred in adjudicating her delinquent and that the trial court’s written order regarding curfew and attending school varied from its oral pronouncement. However, we agree with the appellant’s contention that the trial court erred in placing her on a community control program for an indeterminate term exceeding five years.
Section 39.054, Florida Statutes (1993), provides in relevant part:
39.054(l)(a)l.
If supervision or a program of community service is ordered by the court, the duration of such supervision or program ... may not exceed the term for which sentence could be imposed if the child were committed for the offense.
[[Image here]]
39.054(l)(a)4.
4. Notwithstanding the provisions of ... subsection (4), ... the term of any order placing a child in a community control program must be until his 19th birthday unless .he is released by the court, on the motion of an interested party or on its own motion.
[[Image here]]
39.054(4).
(4) Any commitment of a delinquent child to the department shall be for an indeterminate period of time, but the time shall not exceed the maximum term of imprisonment which an adult may serve for the same offense.... no child shall be held under a commitment from a court pursuant to this section after becoming 19 years of age.
The above statute provides that commitment and community service are limited to the maximum adult term or to the date of the juvenile’s nineteenth birthday, whichever occurs first. E.J. v. State, 595 So.2d 282 (Fla. 1st DCA 1992). Contra C.F. v. State, 603 So.2d 40 (Fla. 4th DCA 1992). The record in the instant case reveals that the five year maximum adult term for the crime of battery upon a school board employee will expire before the appellant reaches the age of nineteen. Therefore, we remand with instructions to clarify the written order to place the appellant on a program of community control for an indeterminate term not to exceed five years. A.R. v. State, 593 So.2d 1128 (Fla. 1st DCA 1992).
Affirmed in part and remanded with instructions.
DANAHY, A.C.J., and CAMPBELL and SCHOONOVER, 33., concur.