675 So.2d 648 (1996)
Jeremy E. LUNN, Appellant,
v.
STATE of Florida, Appellee.
No. 95-01749.
District Court of Appeal of Florida, Second District.
June 12, 1996.
James Marion Moorman, Public Defender, Bartow, and Megan Olson, Assistant Public Defender, Clearwater, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Stephen D. Ake, Assistant Attorney General, Tampa, for Appellee.
FRANK, Judge.
On March 10, 1995, Jeremy Lunn, a juvenile, entered a plea of guilty to burglary and was placed on six months of community control with the condition of placement in the probation and restitution center, followed by eighteen months of probation. Prior to accepting the plea, the trial judge asked if Lunn wanted to waive his rights to a presentence investigation (PSI) and a predisposition report (PDR). After a short recess, the parties returned and the judge noted that the defendant had waived his right to a PDR. Although the defendant noted on the plea form that he had relinquished his right to a PDR, the judge did not ascertain whether Lunn's waiver was knowing and voluntary.
Section 39.059(7), Florida Statutes (Supp.1994), mandates that a judge consider a PDR before sentencing a youthful offender. The statute provides that a defendant may waive the report requirement, but the Florida Supreme Court has compelled the trial judge to inform the juvenile of his rights under the statute and to confirm that the juvenile understands the significance of the waiver. State v. Berry, 647 So.2d 830 (Fla. 1994). In spite of the defendant's execution of a written waiver, the trial judge's failure to undertake the duty to question the defendant personally and to explain his rights under section 39.059 requires remand for resentencing. We also note that the court failed to reduce its decision to impose adult sanctions to a writing, as required by section 39.059(7)(d), Florida Statutes (Supp.1994), a defect that should be corrected on resentencing.
*649 Lunn has also raised questions about the conditions of his probation. On resentencing, the court may impose general conditions of probation without oral pronouncement, but the court must give the defendant oral notice of the conditions concerning payment for the evaluation and treatment of drug and alcohol problems. § 948.03(1)(k)(1), Fla.Stat. (Supp.1994); State v. Hart, 668 So.2d 589 (Fla.1996). Furthermore, before requiring the defendant to pay for investigative costs, the trial judge must ensure that the agency has made an appropriate request, with supporting documentation, for reimbursement. Jones v. State, 661 So.2d 50 (Fla. 2d DCA 1995).
Reversed and remanded for resentencing.
THREADGILL, C.J., and LAZZARA, J., concur.