RYDER, Acting Chief Judge.
Marshall Oliver pleaded no contest to a charge of attempted murder. He was a juvenile at the time of the offense, but was sentenced as an adult. The assistant public defender filed an Anders[1] brief, stating that she had found no meritorious argument to *1186 support the contention that the trial court committed reversible error. She did, however, direct our attention to several issues. Mr. Oliver then filed a pro se, supplemental brief, raising numerous additional points. We have reviewed the record and the briefs and have found no error, except in two particulars.
First, the lower court did not enter a written order imposing adult sanctions. Although a trial court no longer needs to enter a written order stating its reasons why it is sentencing a juvenile defendant as an adult, section 39.059(7)(d), Florida Statutes (Supp. 1994), still requires that the court reduce its decision to impose adult sanctions to writing. Lunn v. State, 675 So.2d 648 (Fla. 2d DCA 1996). We remand for entry of a written order. Second, the judgment incorrectly states that Mr. Oliver pleaded guilty. We remand for the lower court to correct the judgment to reflect that he pleaded no contest. In all other respects, the judgment and sentence are affirmed.
Affirmed in part, remanded for entry of written order and correction of judgment.
LAZZARA and QUINCE, JJ., concur.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).