CAMPBELL, Acting Chief Judge.
Appellant challenges his adjudication of delinquency and level six commitment to the Department of Juvenile Justice. Appellant pled guilty to the petition alleging his delinquency due to the commission of a battery. However, he argues that the court erred in adjudicating him delinquent because the court failed to state specific reasons supporting its decision to adjudicate and commit. We disagree and affirm appellant’s delinquency adjudication. We do, however, find merit in appellant’s argument regarding sentencing and reverse on only that issue.
While the order is silent as to the reasons the trial court decided to adjudicate and commit appellant at level six, the transcript reveals the court’s reasoning. The court stressed appellant’s need for structure, the skill and sophistication in which the crime was committed, the effort of concealment by appellant, and his immaturity. We conclude that this satisfies the requirements of section 39.052(4)(e)(3), Florida Statutes (1995). See R.G.S. v. State, 597 So.2d 816 (Fla. 2d DCA), rev. denied, 601 So.2d 553 (Fla.1992); I.H. v. State, 584 So.2d 230 (Fla. 5th DCA 1991).
The next issue regards sentencing. The order in this case states that appellant is sentenced to commitment not to exceed 364 days followed by post commitment community control not to exceed 364 days. In addition to the sentence received in the instant case, however, appellant was also sentenced in case 95-3174, a second degree felony, to commitment not to exceed his nineteenth birthday, and in case 95-3382, a third degree felony, to commitment not to exceed sixty days.
Commitment to the Department and community service is limited to the maximum adult term or to the date of the juvenile’s *1005 twenty-first birthday, whichever occurs first. See C.P. v. State, 674 So.2d 183 ( Fla. 2d DCA 1996); S.P. v. State, 664 So.2d 1064 (Fla. 2d DCA 1995). Since the maximum term for battery that appellant could have received as an adult for the instant offense is one year, the sentence he received was not a legal sentence. See §§ 775.082(4)(a) and 784.08, Fla. Stat. (1995). We, therefore, vacate the order with instructions that appellant’s total term of commitment to the Department and community control not exceed one year pursuant to the above statutes.
LAZZARA and WHATLEY, JJ., concur.