696 So.2d 822 (1997)
J.R.C., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 95-02560.
District Court of Appeal of Florida, Second District.
March 14, 1997.
James Marion Moorman, Public Defender, and Megan Olson, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Tonja R. Vickers, Assistant Attorney General, Tampa, for Appellee.
NORTHCUTT, Judge.
J.R.C. challenges the order adjudicating her delinquent and committing her to a level six residential facility. She complains, and the state concedes, that the lower court entered the order without reviewing a predisposition report and without making findings why adjudication and commitment were appropriate. Section 39.052(4)(a), Florida Statutes (1995), requires the court to consider a predisposition report at the disposition hearing. See also B.B. v. State, 647 So.2d 268 (Fla. 4th DCA 1994). If the court then finds that adjudication and commitment are appropriate, it must specify its reasons for that conclusion, either on the record or in writing. § 39.052(4)(e), Fla. Stat. (1995); M.S.M. v. State, 639 So.2d 189 (Fla. 2d DCA 1994).
Since the lower court failed to comply with these requirements, we reverse J.R.C.'s adjudication of delinquency and commitment. We remand for further proceedings. The court may reimpose the adjudication and commitment if it strictly follows the statutes discussed in this opinion.
Reversed and remanded.
FRANK, A.C.J., and WHATLEY, J., concur.