697 So.2d 940 (1997)
T.R.G., Appellant,
v.
STATE of Florida, Appellee.
No. 96-00234.
District Court of Appeal of Florida, Second District.
July 30, 1997.
James Marion Moorman, Public Defender, and Jeffrey M. Pearlman, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General Tallahassee, and Robert J. Krauss, Senior Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
Our independent review of the record in this appeal filed pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), disclosed an error that requires reversal of the disposition order. The trial court erred in placing T.R.G., then age twelve, on community control for an indeterminate period after it had adjudicated her delinquent for committing simple battery, a first-degree misdemeanor. § 39.054(1)(a)4, .054(4), Fla. Stat. (1995). See also C.P. v. State, 674 So.2d 183 (Fla. 2d DCA 1996) (trial court cannot impose community control on juvenile for term greater than statutory maximum for offense upon which adjudication is based or beyond child's nineteenth birthday, whichever comes first).[1]
Accordingly, we affirm the delinquency adjudication, but reverse the disposition order, and remand with directions for the trial court to enter a new disposition order that places T.R.G. on community control for a period of no more than one year  the maximum sentence *941 for a first-degree misdemeanor. See § 775.082(4)(a), Fla. Stat. (1995).
FRANK, A.C.J., BLUE, J., and RYDER, HERBOTH S., Senior Judge, concur.
NOTES
[1] We note that another panel of this court has recently reversed T.R.G.'s sister's disposition order for this same reason. See M.G. v. State, 696 So.2d 1340 (Fla. 2d DCA 1997).