PER CURIAM.
B.B., a child, appeals from his adjudication of delinquency and commitment to the Department of Juvenile Justice after the trial court found he committed the delinquent acts of escaping from a halfway house and obstructing an officer without violence. We reverse B.B.’s commitment because the trial court failed to consider a predisposition report (PDR) as required by section 39.052(3)(a), Florida Statutes (1997). B.B. v. State, 647 So.2d 268 (Fla. 4th DCA 1994). The requirement of a PDR may be waived, but only if a trial court informs the juvenile of his rights and confirms the juvenile understands the significance of the waiver. Lunn v. State, 675 So.2d 648 (Fla. 2d DCA 1996). The instant record does not demonstrate B.B. knowingly waived his right to a PDR. Therefore, we vacate B.B.’s commitment and remand for the trial court to consider a PDR before recommitting B.B., or to secure B.B.’s knowing waiver of that right. We find no error in the second point raised by B.B.
REVERSED and REMANDED.
POLEN, GROSS and TAYLOR, JJ., concur.