ORFINGER, M., Senior Judge.
This appeal is from a disposition order following an adjudication of delinquency after pleas of no contest to charges of grand theft and resisting arrest without violence. Appellant contends that the court should not have entered a disposition order without first receiving and considering a predisposition report from the Department of Juvenile Justice.
Section 39.052(4), Florida Statutes (Supp.1996), provides that when a child has been found to have committed a delinquent act “... (a)t the disposition hearing the court shall consider a predisposition report regarding the suitability of the child for disposition ...” (emphasis added). The requirement that the court first consider a predisposition report is mandatory. J.R.C. v. State, 696 So.2d 822 (Fla. 2d DCA 1997); B.B. v. State, 647 So.2d 268 (Fla. 4th DCA 1994); M.H. v. State, 621 So.2d 527 (Fla. 2d DCA 1993). There is nothing in the record to indicate a knowing and intelligent waiver of this requirement. The predispositional recommendations of the Department of Juvenile Justice in the record are only transfer reports, and did not rise to the level of the predisposition report required by the statute.
The adjudication of delinquency is affirmed. The disposition order is reversed and the cause remanded for further proceedings in accordance herewith.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
GOSHORN and ANTOON, JJ., concur.