743 So.2d 1158 (1999)
T.J., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 98-01498.
District Court of Appeal of Florida, Second District.
October 20, 1999.
James Marion Moorman, Public Defender, and Cynthia J. Dodge, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Robert J. Krauss, Sr. Assistant Attorney General, Tampa, for Appellee.

EN BANC
ALTENBERND, Judge.
T.J. appeals from an order adjudicating him delinquent and placing him on community control. We affirm. Although the *1159 order placing T.J. on community control does not recite the statutory requirement that community control must end upon T.J.'s nineteenth birthday, we conclude that T.J. and the State are on notice of this legal requirement, and that there is no need to include such language in a community control order. We recede from C.D.D. v. State, 684 So.2d 866 (Fla. 2d DCA 1996), C.P. v. State, 674 So.2d 183 (Fla. 2d DCA 1996), M.T.H. v. State, 676 So.2d 77 (Fla. 2d DCA 1996), M.V. v. State, 507 So.2d 1166 (Fla. 2d DCA 1987), and F.R. v. State, 473 So.2d 785 (Fla. 2d DCA 1985), to the extent these cases hold or suggest that an order placing a juvenile on community control requires a statement that community control will end at age nineteen.
T.J. was born on October 28, 1981, and was fifteen years old at the time he was charged in July 1997 with delivery of crack cocaine,[1] a second-degree felony, and possession of crack cocaine,[2] a third-degree felony. After a trial in February 1998, T.J. was found to have committed both of these offenses and was adjudicated delinquent. There is no issue on appeal concerning this adjudication.
T.J.'s disposition was entered on March 10, 1998, on an order entitled "Order Placing Child on Community Control." This order is similar, but not identical, to the form disposition order in Florida Rule of Juvenile Procedure Form 8.947.[3] T.J. was placed on community control, but the order does not state when the term of community control will end. The only issue on appeal is whether the order must contain such a statement.
Disposition in juvenile cases, once controlled by chapter 39, is now controlled by chapter 985. The disposition options available to the trial judge upon adjudication are delineated primarily in section 985.231, Florida Statutes (1997).[4] This moderately complex statute allows for many different dispositions. Community control can be imposed under the supervision of the Department of Juvenile Justice or under the supervision of the court. See § 985.231(1)(a), Fla. Stat. (1997). Section 985.231(1)(a)(1)(d) provides that "the term of any order placing a child in a community control program must be until the child's 19th birthday unless he or she is released by the court...."[5] Thus, we know that T.J.'s term of community control cannot extend beyond October 28, 2000.[6]
In cases involving chapter 39, this court has held or suggested that the disposition order must recite that community control may not extend beyond the child's nineteenth birthday. See C.D.D., 684 So.2d 866; C.P., 674 So.2d 183; M.T.H. v. State, 676 So.2d 77; M.V., 507 So.2d 1166; F.R., 473 So.2d 785. But see M.H. v. State, 621 So.2d 527 (Fla. 2d DCA 1993). This court *1160 did not require the order to contain a factual determination of the child's date of birth, but merely a recitation of the content of the relevant statute. We now recede from these cases to the extent that they would require a disposition order under chapter 985 to recite a statutory age limitation. We conclude that both the juvenile and the State are on legal notice of the content of that chapter. See C.F. v. State, 603 So.2d 40 (Fla. 4th DCA 1992). Cf. State v. Hart, 668 So.2d 589, 592 (Fla. 1996) (stating publication in statute provides constructive notice of conditions of probation); State v. Beasley, 580 So.2d 139, 142 (Fla.1991) (stating publication in statute provides constructive notice of costs). We also reaffirm M.H., 621 So.2d 527. In so holding, we note that the form disposition order, approved by the supreme court for use beginning in January 1, 1997, does not contain the relevant statutory language. See Fla. R. Juv. P. Form 8.947; Amendments to the Fla. Rules of Juv. P., 684 So.2d 756 (Fla.1996). Although the supreme court has never expressly overruled C.D.D. or the other cases, we see no reason to reverse every disposition of juvenile community control imposed with reliance on the standard form.
There is another limitation on juvenile dispositions that we do not address today. Section 985.231(1)(d) provides that any commitment to the DJJ may not exceed the maximum term of imprisonment that an adult could serve for the same offense.[7] The facts in this case do not present such a circumstance. This court has repeatedly held that community control may not last longer than the comparable adult sanction and has reversed cases in which the adult sanction would expire prior to the juvenile's nineteenth birthday. See, e.g., A.C. v. State, 688 So.2d 1004 (Fla. 2d DCA 1997); C.P., 674 So.2d 183. We do not recede from this requirement. But see C.F. v. State, 603 So.2d 40 (Fla. 4th DCA 1992).
Affirmed.
PATTERSON, C.J., CAMPBELL, THREADGILL, PARKER, BLUE, FULMER, WHATLEY, NORTHCUTT, GREEN, CASANUEVA, SALCINES, STRINGER, and DAVIS, JJ., Concur.
NOTES
[1] See § 893.13(1)(a), Fla. Stat. (1997).
[2] See § 893.13(6)(a), Fla. Stat. (1997).
[3] At least in this district, the orders used to dispose of delinquency cases vary tremendously. Valid circuit-level concerns would not seem to justify this diversity. A statewide effort to use standardized forms would decrease the confusion created by some local forms, and would decrease the likelihood of disposition errors.
[4] This case does not involve the imposition of community control on a withhold of adjudication. See § 985.228(4), Fla. Stat. (1997). In that situation, the court is not limited by the restrictions set forth in section 985.231. See M.G. v. State, 696 So.2d 1340 (Fla. 2d DCA 1997); M.B. v. State, 693 So.2d 1066 (Fla. 4th DCA 1997) (both cases involving nearly identical older version of statute contained in former chapter 39); D.V.S. v. State, 632 So.2d 221 (Fla. 5th DCA 1994).
[5] Section 985.231(1)(a)(1)(a) provides that if a program of supervision is ordered by the court, the duration of the program may not exceed the amount of time the juvenile could have been committed to the DJJ for the offense.
[6] Other types of disposition can extend beyond the child's nineteenth birthday, usually to the child's twenty-first birthday. See § 985.231(1)(a)(3), (1)(a)(8).
[7] Due to a statutory change in 1995, a juvenile may be committed to the DJJ for an indeterminate period, not to exceed the comparable adult sanction or extend beyond the juvenile's twenty-first birthday. See § 985.231(1)(a)(3), (1)(a)(8), (1)(a)(10), Fla. Stat. (1997); A.C. v. State, 688 So.2d 1004 (Fla. 2d DCA 1997).