PER CURIAM.
We withdraw the opinion that was filed on September 28, 2000, and substitute the following opinion.
Appellant appeals the trial court’s denial of his motion to withdraw his plea. Appellant alleges that the trial court erred in failing to obtain and consider a predisposition report before disposition and in faffing to advise Appellant of his right to request the report.
The State urges this court to affirm because the issue was not preserved for review. However, at the time of Appellant’s January 1998 sentencing, section 924.051, Florida Statutes, did not apply in juvenile proceedings to bar appellate re *742 view of unpreserved issues.[1] See State v. T.M.B., 716 So.2d 269 (Fla.1998).
On the merits, the State concedes error. See J.E.W. v. State, 672 So.2d 72, 74 (Fla. 1st DCA 1996); B.B. v. State, 718 So.2d 399 (Fla. 4th DCA 1998) (citing Lunn v. State, 675 So.2d 648 (Fla. 2d DCA 1996)). We therefore reverse and remand for preparation of a predisposition report and for a new disposition hearing.
BOOTH and BENTON, JJ., and SHIVERS, DOUGLASS B., Senior Judge, CONCUR.

. Effective July 1, 1999, the legislature amended section 985.234(1), as follows:
[a]n appeal from an order of the court affecting a party to a case involving a child pursuant to this part may be taken to the appropriate district court of appeal within the time and in the manner prescribed by s. 924.051 and the Florida Rules of Appellate Procedure....
Ch. 99-284, § 31, at 3124, Laws of Fla.