THREADGILL, Acting Chief Judge.
The appellant, a juvenile, challenges an order adjudicating him delinquent of trespass and committing him to supervision by the Department of Juvenile Justice. He claims the trial court failed to comply with certain statutory requirements. We affirm the adjudication of delinquency, but reverse the disposition.
Section 985.229(1), Florida Statutes (1999), requires a trial court, at the disposition hearing, to order a predisposition report regarding the child’s eligibility for disposition other than by adjudication and commitment to the department. Section 985.229(2) requires the trial court to consider the predisposition report before making a final disposition of the case. Here, the department recommended, and the tri *57 al court imposed, a level 6 residential commitment for the appellant. There is no indication in the record, however, that a predisposition report was prepared or considered in this case. The State argues that defense counsel waived this requirement by agreeing with the disposition. The requirement of a predisposition re-poi't, however, may only be waived if the trial court informs the juvenile of his rights and confirms the juvenile understands the significance of the waiver. See B.B. v. State, 718 So.2d 399 (Fla. 4th DCA 1998). There is no evidence in the record that the appellant waived consideration of such a report.
Further, section 985.23(3)(a), Florida Statutes (1999), states that a trial court’s determination that a child should be adjudicated delinquent and committed to the department shall include a specific finding of the reasons for the decision. Strict compliance with this provision is mandatory, and a failure to comply constitutes reversible error. See P.D.W. v. State, 621 So.2d 739 (Fla. 2d DCA 1993). No such finding appears on the record in this case. Because the record does not reflect compliance with these statutory requirements, we affirm the adjudication, but reverse the disposition and remand for a new disposition hearing.
WHATLEY and SILBERMAN, JJ., concur.