834 So.2d 358 (2003)
R.K., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-185.
District Court of Appeal of Florida, Fourth District.
January 8, 2003.
Carey Haughwout, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, West Palm Beach, for appellant.
Charlie Crist, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.
SHAHOOD, J.
The sole issue presented in this appeal is whether the trial court erred in committing appellant, a juvenile, in the absence of a predisposition report. We reverse and remand for a new disposition hearing.
Following an adjudicatory hearing, the trial court found appellant guilty as charged in the Petition.[1] The court ordered a predisposition report (PDR), specifically asking the Department of Juvenile Justice Department to determine whether sexual offender placement was required in this case in order to protect the public.
A disposition hearing was held December 20, 2001. The court announced that a PDR had not been completed by the Department by the time of the hearing. Notwithstanding this fact, the court nevertheless entered an Order of Disposition and Commitment to the Department.
Appellee, State of Florida, concedes, and we agree, that a predisposition report must be prepared and reviewed by the trial judge prior to the commitment of a juvenile. See B.B. v. State, 718 So.2d 399 (Fla. 4th DCA 1998) (before committing juvenile to the Department following adjudication of delinquency, trial court was required to consider predisposition report; record did not demonstrate that juvenile knowingly waived his right to PDR.). Section *359 985.229(2), Florida Statutes (2001), provides that: "The court shall consider the child's entire assessment and predisposition report and shall review the records of earlier judicial proceedings prior to making a final disposition of the case." Hence, it is reversible error for the trial court to make a disposition in a case without first considering the predisposition report. See B.B. v. State, 647 So.2d 268, 269 (Fla. 4th DCA 1994).
We accordingly reverse and remand for a new disposition hearing after the completion of a predisposition report by the Department of Juvenile Justice.
REVERSED AND REMANDED.
POLEN, C.J., and GROSS, JJ., concur.
NOTES
[1] Lewd and lascivious molestation on a child under the age of 12 by an offender under the age of 18 and sexual battery on a child under the age of 12 by a perpetrator under the age of 18.