853 So.2d 554 (2003)
B.A.B., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 1D02-4945.
District Court of Appeal of Florida, First District.
August 29, 2003.
Nancy A. Daniels, Public Defender; P. Douglas Brinkmeyer, Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General; Thomas D. Winokur, Assistant Attorney General, Tallahassee, for Appellee.
LEWIS, J.
B.A.B., a child, challenges the trial court's order adjudicating him delinquent and committing him to the Department of Juvenile Justice for a moderate-risk residential placement. On appeal, appellant contends that the trial court's Juvenile Order of Disposition should be reversed because the trial court failed to order and *555 consider a predisposition report ("PDR") before making its final disposition. Appellant also contends, and the State concedes, that the trial court erred in entering a single disposition order for two different offenses. We agree with both contentions and, therefore, reverse the Juvenile Order of Disposition and remand for a new disposition hearing.
Following an adjudicatory hearing, the trial court found appellant guilty of one count of exposure of his sexual organs and one count of disorderly conduct. The State recommended a sexual commitment for one year and stated that "being familiar with [appellant's] background, I would not be asking for a PDR in this case." The trial court subsequently adjudicated appellant guilty as to both counts and committed him to the Department of Juvenile Justice not to exceed one year under "the sex program." In the trial court's Juvenile Order of Disposition, the box beside the statement "Predispositional study waived by the Court and the Child" is checked. The order includes the adjudication and sentences as to both Counts I and II.
While appellant's appeal was pending before this Court, appellant filed a Motion to Correct Disposition Error with the trial court, wherein he made the same arguments as he does now on appeal. In denying appellant's motion, the trial court set forth that it had not ordered a PDR because it had previously seen appellant on multiple occasions for prior offenses and commitments. The trial court also set forth that it was familiar with appellant's aunt and uncle, who had been providing appellant care and shelter since he was transferred to Lafayette County. The trial court determined that, while the intent of the rule requiring a PDR is to make certain that the court has sufficient information before it prior to making a determination, a request of "redundant investigations is unnecessary" where the court already has knowledge of that information. The court failed to address appellant's assertion that it erred in entering one disposition order for the two offenses. This appeal followed.
Section 985.229(1), Florida Statutes (2002), provides that "[a] predisposition report shall be ordered for any child for whom a residential commitment disposition is anticipated or recommended by an officer of the court or by the [D]epartment [of Juvenile Justice]." Pursuant to section 985.229(2), a trial court "shall consider the child's entire assessment and predisposition report and shall review the records of earlier judicial proceedings prior to making a final disposition of the case." The PDR "shall be made available to the child, the child's parents or legal guardian, the child's legal counsel, and the state attorney upon completion of the report and at a reasonable time prior to the disposition hearing." § 985.229(3), Fla. Stat. (2002); see also Fla. R. Juv. P. 8.115(a). Strict compliance with these statutory procedures is required. J.E.W. v. State, 672 So.2d 72, 73 (Fla. 1st DCA 1996) (vacating the disposition order and remanding for a new sentencing hearing because one of the trial court's errors included adjudicating and sentencing the appellant without considering a PDR); see also A.W. v. State, 706 So.2d 398, 399 (Fla. 2d DCA 1998). As such, a trial court commits reversible error when it makes a juvenile disposition without first considering a PDR. R.K. v. State, 834 So.2d 358, 358-59 (Fla. 4th DCA 2003). The PDR requirement may be waived, but only if the trial court informs the juvenile of his or her rights and confirms that the juvenile understands the significance of the waiver. K.D.G. v. State, 787 So.2d 56, 57 (Fla. 2d DCA 2001) (citing B.B. v. State, 718 So.2d 399, 399 (Fla. 4th DCA 1998)).
*556 On appeal, the State concedes that, contrary to the Juvenile Order of Disposition, the record is devoid of any express and knowing waiver of the PDR by appellant. The State argues, however, that a remand in this case would serve no useful purpose because the trial court made it clear that it was aware of all matters related to appellant. Neither the trial court nor the State has cited any authority that would permit a trial court, which allegedly has knowledge of a juvenile's prior record and is familiar with that juvenile's family, to forego the requirement that it order and consider a PDR before making a final disposition in each case. In declining to follow the statutorily mandated PDR procedures, the trial court, in effect, created an exception to the applicable statutes and rules that does not exist. Furthermore, by merely relying upon its knowledge of appellant's needs and prior record and by noting its familiarity with appellant's aunt and uncle, the trial court deprived appellant of his entitlement to review a PDR prior to the disposition hearing as provided for in section 985.229(3). We also conclude that the trial court erred in entering a single order for the two offenses. See K.L.P. v. State, 783 So.2d 336, 336 (Fla. 1st DCA 2001) (holding that the trial court acted in contravention of both case precedent and Florida Rule of Juvenile Procedure 8.115 by entering a single disposition order for all of the cases against the appellant).
Accordingly, because appellant was entitled to have the trial court order and consider a PDR before making its final disposition and because a remand in this case would not constitute an unnecessary exercise, we reverse the disposition order and remand for a new disposition hearing with directions that the trial court either order and consider a PDR before recommitting appellant or secure appellant's knowing waiver of this statutorily mandated requirement. In the event that the trial court recommits appellant for the two offenses, it must enter separate orders for each offense.
REVERSED and REMANDED with directions.
ERVIN and ALLEN, JJ., CONCUR.