TAYLOR, J.
The state filed an appeal from a juvenile court order reinstating appellee’s probation, contending that the court erred in continuing the juvenile’s probation without first ordering a predisposition report. We dismiss the appeal for lack of jurisdiction.
Appellee’s probation officer filed an affidavit alleging that appellee committed several violations of probation. Appellee admitted to the violations and the court scheduled a disposition hearing. At the hearing, appellee’s probation officer recommended that appellee be continued on probation so that he could attend the Florida Ocean Science Institute (FOSI). The state announced that it would be seeking residential commitment and asked the trial court to order a predisposition report (PDR) pursuant to section 985.229, Florida Statutes (2001). The court declined and continued appellee’s probation, with an additional condition that he complete the FOSI program. The state appealed.
Initially, as authority for its position that the court erred in failing to order and consider a predisposition report before making a final disposition in this case, the state relied on section 985.229(2), Florida Statutes, B.B. v. State, 647 So.2d 268, 269 (Fla. 4th DCA 1994), and R.K. v. State, 834 So.2d 358, 359 (Fla. 4th DCA 2003). Section 985.229(2), Florida Statutes, provides that:
The court shall consider the child’s entire assessment and predisposition report and shall review the records of earlier judicial proceedings prior to making a final disposition of the case.
Subsequently, in response to our order to show cause why this appeal should not be dismissed for lack of jurisdiction, the state conceded that it lacked authority to appeal the court’s order continuing probation without a predisposition report.
Section 985.234(l)(b)(5), Florida Statutes (2003), allows the state to appeal “a disposition, on the ground that it is illegal.... ” See also Fla. R.App. P. 9.145(c)(1)(G). Here, although the state, in its initial brief, argued that the court erred in refusing to order a predisposition report before continuing appellee’s probation, it did not contend that the order continuing probation was an “illegal disposition” beyond the court’s statutory power to impose. The state now acknowledges that its claim of procedural error preceding reinstatement of appellee’s probation is not equivalent to a challenge of an illegal disposition entitling it to appellate review. See State v. F.G., 630 So.2d 581, 584 (Fla. 3d DCA), aff'd, 638 So.2d 515 (Fla.1994)(“A claim of procedural error leading up to the entry of the disposition orders does not render the disposition ‘illegal’ for purposes of a state appeal under Rule of Appellate Procedure 9.145(d).”).
Accordingly, we dismiss this appeal.
FARMER, C.J., and GROSS, J., concur.