SHAHOOD, J.
This is an appeal by K.J., a juvenile, from an Amended Delinquency Disposition Order, which order imposed a commitment to a level six program over appellant’s objection to the court’s failure to consider a predisposition report (PDR). We affirm.
A Petition for Delinquency was filed against appellant charging him with unlawfully delivering cocaine. He entered a *1191 plea of no contest and was placed on probation. The court stayed commitment to a level six program in lieu of thirty-five hours community service, which had been recommended by the Department of Juvenile Justice (DJJ).
Thereafter, an Affidavit for Violation of Probation was filed based upon an allegation that K.J. had absconded from the supervision of the DJJ. At a hearing he was found guilty of the violation, based in part on his own admission, and was committed to a level six program. He objected to being sentenced to a commitment without the court’s considering a PDR. Appellant argues that it was error to sentence him without first reviewing a PDR.
The appellee does not dispute that the law in effect prior to the 2000 amendment to section 985.229, Florida Statutes, required that a PDR be prepared and reviewed by the judge prior to committing a juvenile. In 2000, however, the legislature amended section 985.229(1) and (3), Florida Statutes (2001). Pursuant to the wording of the amended statute the trial court does not have to order or review a PDR in all situations. Subsection (1) of the statute provides, in part, as follows:
A predisposition report shall be ordered for any child for whom a residential commitment disposition is anticipated or recommended by an officer of the court or by the department.
§ 985.229(1), Fla. Stat. (2001).
In this case, the residential commitment to the level six program had already been determined and agreed to by appellant at the time of the original plea for unlawfully delivering cocaine, the original charge. The commitment had been stayed while appellant was on probation. At the hearing on appellant’s violation of his probation, the trial court merely lifted the stay and enforced the prior disposition order.
Under the facts and circumstances of this case, no recommendations were made by the DJJ, nor were any required. In addition, the trial court was not required to obtain and review a PDR prior to sentencing appellant.
AFFIRMED.
HAZOURI and MAY, JJ., concur.