WOLF, J.
In each of appellant’s three cases which are herein consolidated for opinion, he raises the same two issues. We find that one issue has merit; we hold that the trial court erred in failing to grant the request of the Department of Juvenile Justice (Department) and appellant’s counsel to continue disposition on the three cases until a comprehensive assessment could be completed.
On April 4, 2005, appellant pled in two cases to grand theft auto and in a third case to resisting arrest without violence. Appellant appeared for disposition on all three cases on April 6, 2005. The predisposition report (PDR) requested that disposition be continued so that the Department could make a comprehensive assessment pursuant to section 985.229(1), Florida Statutes; at the disposition hearing appellant’s counsel request *886 ed that the matter be continued for the Department to make its comprehensive evaluation, but the court declined to do so.
Section 985.229(1) requires, in pertinent part, as follows:
A predisposition report shall be ordered for any child for whom a residential commitment disposition is anticipated or recommended by an officer of the court or by the department. A comprehensive evaluation for physical health, mental health, substance abuse, academic, educational, or vocational problems shall be ordered for any child for whom a residential commitment disposition is anticipated or recommended by an officer of the court or by the department. If a comprehensive evaluation report is ordered, the predisposition report shall include a summary of the comprehensive evaluation.
(Emphasis added.) As required by the statute, a comprehensive evaluation was ordered by the Department; however, the PDR noted that the comprehensive evaluation had not been received: “As of this writing, the [comprehensive] assessment has not been received.” In the summary of the PDR the Department requested a continuance of the disposition because the comprehensive evaluation had not been received:
The Department of Juvenile Justice is requesting that the [e]ourt continue this disposition due to the fact that a comprehensive assessment required in section 985.229, Florida Statutes, has been scheduled, but not completed at this time and the comprehensive assessment is required for a Commitment Staffing per the same section. The Department is making every effort to have complete predisposition reports to the court in a timely manner.
The appellant’s trial counsel expressly pointed out to the court, “[T]he Department of Juvenile Justice is requesting that this court continue this disposition because they have not been able to do their comprehensive evaluation of this child at this time.” The trial court proceeded to disposition even though it was amply placed on notice by the Department, by appellant’s counsel, and by the language in the PDR itself that the comprehensive assessment required by statute was not included in the PDR.
Section 985.229(2) requires the trial court to consider the “entire assessment and disposition report” together with earlier judicial proceedings before making a final disposition:
The court shall consider the child’s entire assessment and predisposition report and shall review the records of earlier judicial proceedings prior to making a final disposition of the case.
(Emphasis added.) Failure to strictly comply with mandatory statutory provisions for disposition hearings results in reversible error. T.S.J. v. State, 439 So.2d 966, 968 (Fla. 1st DCA 1983).
In J.E.W. v. State, 672 So.2d 72, 73 (Fla. 1st DCA 1996), and B.A.B. v. State, 853 So.2d 554, 555 (Fla. 1st DCA 2003), this court reiterated that strict compliance with the statutory procedures in disposition hearings is required. As in J.E.W. where disposition was imposed without a complete PDR, we reverse and remand these three cases for a new disposition hearing.
KAHN, C.J., and PADOVANO, J., concur.