DAMOORGIAN, J.
K.P., a minor, appeals the trial court’s disposition order adjudicating her *967 delinquent and sentencing her to a moderate risk juvenile commitment center after she pled guilty to grand theft. We reverse and remand for a new disposition hearing because, although the trial court ordered a pre-disposition psychiatric evaluation of K.P., it entered its disposition order before the psychiatric evaluation report was available.
It is well established that courts must strictly comply with the statutory procedures surrounding a juvenile disposition hearing. K.D. v. State, 911 So.2d 885, 886 (Fla. 1st DCA 2005). Section 985.43(2) mandates that the court “consider the child’s entire assessment and predisposition report” prior to making a final disposition of the case. § 985.43(2), Fla. Stat. (2011). Here, the trial court failed to strictly comply with section 985.43 when it entered its disposition order before it was able to consider the results of KP.’s psychiatric evaluation over the objection of defense counsel. This was reversible error. See K.D., 911 So.2d at 886 (holding that the trial court committed reversible error by continuing with a disposition despite the fact that the comprehensive evaluation report was not yet complete); J.E.W. v. State, 672 So.2d 72, 73-74 (Fla. 1st DCA 1996) (reversing partially on the basis that the trial court conducted a disposition hearing while a psychiatric evaluation of the juvenile was still pending).

Reversed and Remanded.

MAY, C.J., and HAZOURI, J., concur.