PER CURIAM.
A.L.M. appeals a final disposition order entered after he admitted to violating probation. The order adjudicated him delinquent, revoked his probation and committed him to the custody of the Department of Juvenile Justice (“Department”) for placement in a non-secure residential program. He argues the trial court reversibly erred when it ordered a commitment placement without a restrictiveness level recommendation from the Department. Under the particular circumstances here, we conclude the court did not err.
Under section 985.433(7)(a), Florida Statutes (2014), if a court determines that a child should be adjudicated delinquent and committed to the Department’s custody, the Department “shall recommend to the court the most appropriate placement and treatment plan, specifically identifying the restrictiveness level most appropriate for the child[.]” Here, however, the record reflects A.L.M. waived a predisposition report and agreed to probation and suspended non-secure residential placement in return for his guilty plea to burglary of a structure or conveyance. A juvenile can waive a predisposition report, see generally K.D.G. v. State, 787 So.2d 56, 57 (Fla. 2d DCA 2001); B.B. v. State, 718 So.2d 399, 399 (Fla. 4th DCA 1998); M.H. v. State, 621 So.2d 527, 528 (Fla. 2d DCA 1993), and A.L.M. does not claim his waiver was in any way defective. He did it as part of a negotiated plea, and when he violated probation, the trial court simply ordered the agreed-upon previously-suspended placement. Under these circumstances, the court did not need to seek a restrictiveness level recommendation from the Department before ordering A.L.M into non-secure residential placement. See K.J. v. State, 867 So.2d 1190, 1191 (Fla. 4th DCA 2004) (holding no restrictiveness level recommendation was required where appellant had agreed to residential commitment at the time of no contest plea to original charge, commitment was stayed while appellant was on probation, and court imposed the previously-stayed residential commitment after appellant violated probation).
AFFIRMED.
ROBERTS, C.J., MARSTILLER, and MAKAR, JJ., concur.