DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**E.G.,** a child,
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D17-3957

[January 9, 2019]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Elijah H. Williams, Judge; L.T. Case No. 17001208 DLA.

Carey Haughwout, Public Defender, and Virginia Murphy, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Brooke Moody, Attorney General, Tallahassee, and Melanie Dale Surber, Senior Assistant Attorney General, West Palm Beach, for appellee.

KLINGENSMITH, J.

Appellant E.G., a minor, appeals the trial court's disposition order adjudicating him delinquent for grand theft and sentencing him to placement in a residential commitment program concurrent with his sentence in other cases. Specifically, he claims the trial court erred by failing to consult a predisposition report (PDR) prior to issuing the commitment order, as required by Florida Statutes. We agree, and reverse.

After the trial court adjudicated appellant delinquent, it moved to the matter of disposition. The trial court noted appellant was serving a prior commitment and had a new case direct-filed in adult court. The State asked the court for a concurrent sentence with placement in a residential commitment program. The trial court considered ordering a PDR but did not do so:

THE COURT: I'm going to set sentencing.

[THE STATE]: Yes, sir.

THE COURT: [Counsel for Department of Juvenile Justice], I'm thinking should I order PDR and staffing because I'm confused. Because the State's got an intent to direct file. We're talking about AMI.

. . . .

[DEFENSE COUNSEL]: If I could speak briefly, Your Honor. I do believe that if a PDR is done, I know it's our office's position is that—intent to direct file—that should not be considered at that time. And where you can consider that at sentencing, Your Honor.

The court set a disposition date for two weeks later where the following exchange between the trial court and appellant ensued:

THE COURT: [Appellant], you need to ask me to lock you up in a Level 6 because right now that prosecutor is trying to put you away for two or three years in state prison. Ask me to give you six to nine months in a juvenile facility to get the help you need. Ask me, [appellant].

APPELLANT: Can you give me a Level 6 so I can get the help I need?

THE COURT: Yes, sir. You want to hide out. I'm going to do the best I can. I'm transferring you to a level 6 but that adult judge may ignore that and just go ahead and lock you up in state prison. But it makes it difficult when you hiding out for them to haul you back, you understand—

APPELLANT: Yes, sir.

THE COURT: —from a rehab facility and stick you in state prison. You want the judge to have to struggle.

The trial court committed appellant to a non-secure residential program to be followed by probation. This appeal followed.

"It is well established that courts must strictly comply with the statutory procedures surrounding a juvenile disposition hearing." *K.P. v. State*, 97 So. 3d 966, 967 (Fla. 4th DCA 2012) (quoting *K.D. v. State*, 911 So. 2d 885, 886 (Fla. 1st DCA 2005)).

Section 985.43(1)(a), Florida Statutes (2017), provides that a predisposition report is required when a trial court anticipates residential commitment:

> (1) Upon a finding that the child has committed a delinquent act:
>
> (a) The court may order the department to prepare a predisposition report regarding the child's eligibility for disposition other than by adjudication and commitment to the department or for disposition of adjudication, commitment to the department, and, if appropriate, assignment of a residential commitment level. The predisposition report shall be the result of the multidisciplinary assessment, when such assessment is needed, and of the classification and placement process, and it shall indicate and report the child's priority needs, recommendations as to a classification of risk for the child in the context of his or her program and supervision needs, and a plan for treatment that recommends the most appropriate placement setting to meet the child's needs with the minimum program security that reasonably ensures public safety. **A predisposition report shall be ordered for any child for whom a residential commitment disposition is anticipated** or recommended by an officer of the court or by the department.

(Emphasis added); *accord K.P.*, 97 So. 3d at 967. Failure to consider a predisposition report before disposition is reversible error. *See M.B. v. State*, 720 So. 2d 321, 321 (Fla. 4th DCA 1998). "The requirement of a PDR may be waived, but only if a trial court informs the juvenile of his rights and confirms the juvenile understands the significance of the waiver." *B.B. v. State*, 718 So. 2d 399, 399 (Fla. 4th DCA 1998).

The record is clear that the trial court did not order a PDR, nor did it advise appellant of his rights or the significance of waiving them. *See id.* Further, the court did not explain to appellant on the record what a level 6 facility was so that he could be adequately apprised of what kind of placement he was being coerced into "asking" for. Even though the trial court obviously believed that this placement was in appellant's best interests, appellant's pressured acquiescence to his level 6 placement at the disposition hearing did not constitute a valid waiver of the PDR. We recognize the trial court appeared to be trying to assist appellant in dealing with his current and future issues in the justice system; nonetheless, the trial court erred in failing to order a PDR as required by section

985.43(1)(a), given that it anticipated ordering appellant to residential commitment from the outset.

We affirm without comment the appellant's adjudication of delinquency, but reverse and remand for a new disposition hearing before a different judge to be conducted consistent with this opinion. We take no position on the ultimate disposition to be ordered by the successor judge in this case, and leave that to his or her sound discretion.

*Affirmed in part, reversed in part and remanded for new disposition hearing.*

MAY and LEVINE, JJ., concur.

\*         \*         \*

**Not final until disposition of timely filed motion for rehearing.**